Carl **MINTZ** and Shirley Mintz,
Plaintiffs-Appellants,

v.

**MATHERS FUND, INC.**, et al.,
Defendants-Appellees.

No. 71-1506.

United States Court of Appeals,
Seventh Circuit.

Argued April 18, 1972.

Decided June 15, 1972.

Benjamin M. Loiben, Skokie, Ill., Abraham I. Markowitz, New York City, for plaintiffs-appellants.

David P. List, Alan P. Olschwang, Martin J. Oberman, Neil Flanagin, Chicago, Ill., for defendants-appellees; Leibman, Williams, Bennett, Baird & Minow, Chicago, Ill., of counsel.

Before DUFFY and MURRAH,* Senior Circuit Judges, and JUERGENS,** District Judge.

JUERGENS, District Judge.

On January 2, 1970, plaintiffs Mintzes (Mintzes) brought suit on their own behalf and representatively on behalf of all others who purchased shares of capital stock of Mathers Fund, Inc., between March 18 and April 2, 1969—the latter being the class purportedly represented by the Mintzes. Jurisdiction is founded

---

* Senior Circuit Judge Alfred P. Murrah of the Tenth Circuit is sitting by designation.

** Chief District Judge William G. Juergens of the Eastern District of Illinois is sitting by designation.

on the Securities Act, alleging various violations of that Act. By order dated August 28, 1970, leave was granted to Alexander E. Wallace to intervene as a plaintiff in the action and leave was granted to Mintzes to add the individual defendants as parties defendant and to file an amended complaint. The amended complaint re-alleged the original complaint as Count I and added Count II as a derivative action. Defendants-appellees (appellees) moved to dismiss Count I of the amended complaint for the reasons that it failed to sufficiently allege the elements of a class action; the Mintzes were not members of the class they purported to represent and lacked standing to sue; and that plaintiff-intervenor Alexander E. Wallace was barred by the statute of limitations. Appellees moved to dismiss Count II on the ground that jurisdiction did not lie. Plaintiffs served cross motions for class action determination and for summary judgment on the issue of liability to plaintiffs and the other members of the class. The district court deferred consideration of plaintiffs' motion until determination of defendants' motion to dismiss. On November 11, 1970, the district court granted the motion to dismiss the class action allegations for insufficiency and granted judgment on its own motion, dismissing Mintzes individually from the action since they had redeemed their unregistered shares at a profit and had no status to bring the action, and denied dismissal as to plaintiff-intervenor Wallace and dismissed Count II for lack of jurisdiction.

The Mintzes then filed motions for reconsideration of the summary judgment and leave to file a second amended complaint. The court denied reconsideration but granted leave to file a second amended complaint. Plaintiffs withdrew their motion for summary judgment and a second amended complaint was filed.

On January 18, 1971, appellees filed a motion to strike the Mintzes' second amended complaint for the reason that summary judgment dismissing them precluded their inclusion as plaintiffs and that the second amended complaint failed to state a cause of action under the additional sections cited.

On March 5, 1971, the court granted the motion to strike the Mintzes as parties to the action and determined that the action could be maintained as a class action by the intervenor Wallace.

The intervenor then requested a voluntary dismissal of the complaint as against him, which was granted.

The pleadings and accompanying documents, including affidavits of both plaintiff Carl Mintz and Thomas I. Hutcheson, a trust officer in charge of the Fund's transaction at the Harris Trust and Savings Bank, established that on February 24, 1969, plaintiffs purchased 37 shares of Mathers Fund, Inc. (Fund). On March 19, 1969, plaintiffs purchased 15 additional shares for $13.24 per share. The 15 shares were part of an issue that had been issued by the Fund in excess of the number of shares then registered. Upon discovery that excess shares had been issued, a rescission offer was mailed by the Fund on April 22, 1969, to all persons who had purchased the shares. Defendants denied knowledge of this offer. However, on April 28, 1969, the Mintzes redeemed [1] (sold) 15 shares at a price of $13.43 per share (a price in excess of the purchase price paid for the 15 additional shares purchased on March 19, 1969). Carl Mintz wrote to the Harris Trust and Savings Bank, the Fund's transfer agent, directing the sale (sic, redemption) of 15 shares of the Fund.

---

1. Although plaintiffs' directive was to "sell 15 shares from our account" (App. 16a), the trial court stated that:
   ". . . the instruction to sell was an instruction to redeem since by definition shares of an open end fund cannot be sold but can only be redeemed by the Fund." (App. 26a).

The letter did not contain any directions with regard to redemption of any specific shares. The trust officer, Thomas I. Hutcheson, who had charge of the Fund's transactions, by affidavit averred that in accordance with Harris's standard procedure it had redeemed the 15 shares the Mintzes had purchased on March 19, since it was the policy of Harris to redeem for the Fund blocks of shares which had been purchased in a like amount.

In his affidavit Carl Mintz says that he treated the 15 shares "sold" as part of the original 37 shares purchased on February 24, 1969, on a first in, first out basis. The Mintzes claim that the 15 shares redeemed were part of the original purchase rather than the 15 shares subsequently purchased, and that since this was their intention, the shares redeemed were not the 15 shares which Harris Trust redeemed but rather were shares of the first purchase.

■ At this juncture the Mintzes are trying to remedy the situation in which they find themselves by saying that their intent was something other than that which was done by Harris Trust in redeeming the shares. In effect what they wanted to be done, but said not, was not done; rather, Harris, not having received any contrary directions, redeemed according to its policy, namely, upon receipt of notice to redeem 15 shares, redeemed the 15 shares purchased previously in a 15 share block. In so finding the district court was entirely correct. The Mintzes argue that the affidavits are in conflict and that therefore there is a question of fact. Scrutinizing the affidavits, there is no conflict. The most that can be said of the Mintz affidavit is that this is what they expected to be done, since this was averredly their intent, but it likewise appears that this intent was not conveyed to Harris, and the Hutcheson affidavit shows the procedure actually followed in redeeming th shares.

■ The trial court properly found that the Mintzes in fact redeemed the unregistered shares and, therefore, had no cause of action. The trial court properly found that, since they had no cause of action, they did not have standing to bring a class action—they not being similarly situated with other members of the class which they allegedly sought to represent.

■ As a procedural matter, granting summary judgment, while a drastic remedy, is a wholesome one where applicable to the circumstances. It is never warranted except on a clear showing that no genuine issue as to any material fact remains for trial. Shultz v. Manufacturers & Traders Trust Co., 1 F.R.D. 451 (W.D.N.Y.1940). If the pleadings and proof in the form of depositions, affidavits and admissions on file disclose that no real cause of action or defense exists, the court may determine there is no issue to be tried and may grant a summary judgment. In reaching its determination the court has the power to penetrate the allegations of fact in the pleadings and look at any evidential source to determine whether there is an issue of fact to be tried. Parmelee Transportation Company v. Keeshin, 292 F.2d 794 (7 Cir. 1961). The primary purpose of a motion for summary judgment is to avoid a useless trial, and summary judgment is a procedural device for promptly disposing of actions in which there is no genuine issue of any material fact even though such issue might have been raised by formal pleadings. The very purpose of Rule 56 is to eliminate a trial in such cases where a trial is unnecessary and results in delay and expense. Appellate courts should not look the other way to ignore the existence of the genuine issues of material facts, but neither should they strain to find the existence of such genuine issues where none exist. Kirk v. Home Indemnity Company, 431 F.2d 554 (7 Cir. 1970).

■ The Mintzes claim the right to pursue the class action notwithstanding that they are not members of the class by virtue of the district court's en-

try of summary judgment against them. Before one may successfully institute a class action, it is, of course, necessary generally that he be able to show injury to himself in order to entitle him to seek judicial relief. Kansas City, Missouri v. Williams, 205 F.2d 47 (8 Cir.). A plaintiff who is unable to secure standing for himself is certainly not in a position to "fairly insure the adequate representation" of those alleged to be similarly situated. In short, a predicate to a party's right to represent a class is his eligibility to sue in his own right. What he may not achieve himself, he may not accomplish as a representative of a class. Kauffman v. Dreyfus Fund, Inc., 434 F. 2d 727 (3 Cir. 1970).

The judgment appealed from is affirmed.

Affirmed.