**AMPEX CORPORATION**

v.

**APPEL MEDIA, INC. and Charles F. Appel, Jr.**

**Civ. A. No. 73–493.**

United States District Court,
W. D. Pennsylvania.

May 9, 1974.

---

Edward G. O'Connor, Pittsburgh, Pa., for plaintiff.

F. Peter Dixon, Pittsburgh, Pa., for defendants.

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

KNOX, District Judge.

In this suit to recover monies allegedly due by the defendants upon a series of notes executed by the defendant on February 10, 1972, and also upon a personal guaranty of payment of any amounts due by the individual defendant, plaintiff has filed a motion for summary judgment. The case is for trial nonjury if this motion is not granted.

The facts, most of which are admitted, show that this action was commenced June 14, 1973. There are two counts in the complaint. The first count seeks payment of a series of six note, executed by the defendant on February 10, 1972, in the total amount of $30,000 together with interest at eight per cent and reasonable attorney's fees. The notes were signed by the individual defendant as president of the defendant corporation. The payments due on the note were not made as scheduled and therefore this action was brought. It is averred that a payment of $3,000 was made on June 19, 1972 and there was a subsequent credit of $650 on January 12, 1973, arising from the sending of a camera which was part of the original sale for which the notes were given to Audio-Vido Corporation in New York. There is thus a balance claimed of $26,350 together with interest as aforesaid.

The second count of the complaint against the individual defendant alleges that he entered into a personal contract of guaranty on December 10, 1969, in consideration of credit extended or to be extended whereby he guaranteed personally the payment of any amounts due or to become due by the corporate defendant to the plaintiff.

A request for admissions was filed by the plaintiff which was unresponded to and hence the matters contained therein would be considered admitted under Rule 36. Also, the defendants in their answer admitted the truth of the allegations contained in paragraphs 7, 9, 11, 12, and 13 of the complaint.

■■ These notes, being negotiable instruments, import consideration. See Uniform Commercial Code, Article III, Section 307, Subsection 2 (12A Purdon's Pa. Statutes, Section 3-307 [2]).[1] No defense of lack of consideration for either the notes themselves or the guaranty of payment of the same has been pleaded or established by the defendants. Under Uniform Commercial Code Section 408, lack of consideration or failure of consideration would be a defense between the original parties to the notes.

1. "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

Defendant also claims in its brief that there was no consideration for the guaranty of payment of the notes, however it was admitted in the answer that the consideration for the guaranty was extension of credit and hence no defense upon this basis can be introduced at this time.

Since the execution and validity of the notes is admitted, we then turn to the question as to whether defendant has alleged sufficient matters in defense to constitute payment, satisfaction, modification, termination and so forth.

The defendants claim that there was a novation; that when pressed for payment of these notes, it was agreed by Mr. Blamey on behalf of plaintiff that plaintiff would release him and the corporate defendant from liability, provided he would send out the goods in inventory which had been purchased from the plaintiff to other distributors upon direction. Defendants claim that as a matter of fact one camera was sent out pursuant to this arrangement and a credit of $650 given. This credit is admitted by the plaintiff.

■■ This being a motion for summary judgment, we must consider whether there is any genuine issue of material fact before the court which would necessitate a trial upon the merits. Since the matter is non-jury, the question is whether there are any disputed facts as to which the trier of facts, in this case the court, must determine credibility of witnesses or inferences to be properly drawn therefrom. The attitude of the Court Appeals of this Circuit as to motions for summary judgment was recently summed up in Tomalewski v. State Farm Life Insurance Co., et al (3d Cir. 1974, slip opinion 73–1301) wherein the familiar rule was reiterated: "Summary judgment may not be granted where there is the slightest doubt as to the facts". The court also quoted from Mintz v. Mathers Fund, Inc., 463 F.2d 495 (7th Cir. 1972) which quotation reads as follows:

"The use and purpose of a motion for summary judgment is well stated in Mintz v. Mathers Fund, Inc., 463 F. 2d 495, 498 (7 Cir. 1972), as follows: 'As a procedural matter, granting summary judgment, while a drastic remedy, is a wholesome one where applicable to the circumstances. It is never warranted except on a clear showing that no genuine issue as to any material fact remains for trial. * * * If the pleadings and proof in the form of depositions, affidavits and admissions on file disclose that no real cause of action or defense exists, the court may determine there is no issue to be tried and may grant a summary judgment. In reaching its determination the court has the power to penetrate the allegations of fact in the pleadings and look at any evidential source to determine whether there is an issue of fact to be tried. * * * The primary purpose of a motion for summary judgment is to avoid a useless trial, and summary judgment is a procedural device for promptly disposing of actions in which there is no genuine issue of any material fact even though such issue might have been raised by formal pleadings. The very purpose of Rule 56 is to eliminate a trial in such cases where a trial is unnecessary and results in delay and expense. Appellate courts should not look the other way to ignore the existence of the genuine issues of material facts, but neither should they strain to find the existence of such genuine issues where none exist. * * *' But it is the law that where motions for summary judgment are made by both parties, if the pleadings present a genuine issue as to a material fact, there can be no valid summary judgment of the disputed facts."

In Tomalewski, the court determined that there was an issue of fact which had been disregarded by the district court and therefore the summary judgment was reversed and the case remanded for trial. In the instant case, we determine that there is no issue of fact to be presented at a trial upon the merits.

■ Despite the fact that we are concerned with negotiable instruments, nevertheless since the suit is between the original parties, we consider any defense which would exist to an ordinary contract. Article III, Section 601 of the Uniform Commercial Code, Section 2 provides:

"Any party is also discharged from his liability on an instrument to another party by any other act or agreement with such party which would discharge a simple contract for the payment of money."

Therefore, as between the original parties, defenses of accord and satisfaction or novation apply to the same extent as they would in any other suit upon a contract under Pennsylvania Law. Pennsylvania law controls in this case because suit is pending here, the defendant resides here and it appears the notes and guaranty were executed by the defendant in Pennsylvania.

■ It should be noted that there is no accord and satisfaction here because it does not appear that there was ever any dispute as to the original liability to pay for the merchandise sold for which the notes were given. See Law v. Mackie, 373 Pa. 213, 95 A.2d 656 (1956). We therefore turn to defendant's contention that there was a novation. To constitute a novation under Pennsylvania law, it is required that there be a substitution of a new contract supported by sufficient consideration and the consent of both parties. Lamb v. Allegheny County Institution District, 363 Pa. 66, 69 A.2d 117 (1949). Such a novation may be between the same parties or through introduction of a new creditor or debtor to the arrangement. Yoder v. T. F. Scholes, Inc., 404 Pa. 242, 173 A.2d 120 (1961). It will be noted, however, that there must be an entire new agreement which is binding upon both parties. In the instant case, the defendants claim that their arrangement with Blamey amounted to an agreement but it is admitted (see depositions of Appel, pages 27–29 and pages 44–45) that Blamey told him when the proposed arrangement was discussed that he had no authority to enter into such an arrangement. In this testimony, Mr. Appel stated as follows:

"Q. But just getting back to the one point: So, in other words, the basis for your statement that you had this agreement with AMPEX relates back to the conversations you had with Mr. Blamey—

A. —right.

Q. And you say those conversations were informal ones; is that correct?

A. Yes.

Q. And that, too, Mr. Blamey indicated specifically that he was not authorized to enter into anything *formal* with you—

A. —yes—

Q. —in terms of a contract or enforceable agreement.

A. Yes."

In the face of this admission, the defendants then fall back on ratification claiming that while the agreement with Blamey (which Blamey denies) may have been made without authority, nevertheless the plaintiff corporation ratified the arrangement by directing Appel to ship one camera to another dealer and giving him $650 credit.

There is admittedly no writing ratifying the apparently unauthorized arrangement, if there was one, and it is inconceivable that the directing of a shipment of one camera from one distributor to another would amount to ratification of an agreement to accept the return of all the inventory as payment of these notes and the personal guaranty although such inventory and merchandise was left in possession of the defendant. A shipment of one camera from one distributor to another who may have need of it is certainly an ordinary piece of business. It would be quite common for a manufacturer finding one distributor short to ask another distributor with a surplus to send a cer-

tain camera or other piece of merchandise to the distributor who is short.

■ Regardless of this, however, we agree with plaintiff's argument that under the Uniform Commercial Code, Article II, Section 201, any such agreement to accept return of merchandise in payment of the bill would have to be in writing to avoid the requirement of the statute of frauds provision of the Uniform Commercial Code.[2]

■ It will be noted that the inventory for the sale of which the notes were originally given *remains in the possession of the defendants*. There can be no question under 2–201(3)(c) that if the defendant had packed up all the items of inventory purchased from the plaintiff and delivered them to plaintiff and plaintiff had accepted such delivery that this would amount to ratification and acceptance of the agreement and would satisfy the statute of frauds provision of the Uniform Commercial Code. But that is not what has occurred. The inventory has been left in the possession of the defendants and therefore we have here an executory agreement for the transfer of title to personal property in payment of a series of notes. We agree that such subsequent agreement for return of goods and satisfaction of these notes would amount to a sale under the provisions of the Uniform Commercial Code and that there are insufficient documents in writing to satisfy the statute of frauds provision, there being more than $500 involved. See Article II, Section 106, Uniform Commercial Code, and Article I—201(44)(b). We agree with the cases cited in 1 Anderson, UCC Supp. 146, in this respect that the acquisition of rights and discharge of an antecedent obligation is a sale of goods, is an acquisition of the goods for value and the transaction is under the Code.

■ We have here then a provision of the Code which flatly forbids an arrangement such as this for a seller to accept goods in cancellation of the debt where the goods are left in the possession of the defendant.

■ The notes to the Uniform Commercial Code make it clear with respect to the shipment of the one camera that part performance under the new Uniform Commercial Code now applies only to those goods delivered and accepted. This is a change in Pennsylvania law from the old Uniform Sales Act whereby part performance might be bootstrapped into a compliance with the statute of frauds. Hence, the acceptance claimed to have arisen through ordering the transfer of one camera to another distributor cannot take the case out of the statute with respect to the balance of the goods. See Comment on Uniform Commercial Code at page 107, 12A Purdon's Pa. Statutes 2, " 'Partial performance' as a substitute for the required memorandum can validate the contract only for the goods which have been accepted or for which payment has been made and accepted." We have also considered Article II, Section 209(4) and (5) of the Uniform Commercial Code relative to whether the circumstances in this case indicate a waiver. If there was such an arrangement as described by the defendant that did not comply with the statute of frauds, we do not find that any position taken by plaintiff could not be retracted on notification as here and there was no change of posi-

---

2. "(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing."

"(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable

*   *   *   *   *   *

(c) with respect to goods for which payment has been made and accepted or which have been received and accepted (Section 2—606)."

tion by the defendant such as is contemplated by the act.

It appears that this is a case to which Rule 56 providing for summary judgments was clearly intended to apply. The former rule in this circuit that in resisting a motion for summary judgment the plaintiff could rely upon the allegations in the pleadings has clearly been abrogated by the adoption of revised Rule 56(e). See comments by Judge Freedman in Robin Construction Co. v. United States, 345 F.2d 610 (3d Cir. 1965). We have combed this record in vain to determine if there is any issue of material fact which we would be justified in submitting to a jury or in this case holding a full dress trial on the merits to resolve.

For the above reasons, we determine that plaintiff is entitled to a summary judgment and an appropriate order will be entered.