Jose R. RIVERA, Individually and on behalf of all others similarly situated, Plaintiff,

v.

DICK McFEELY PONTIAC, INC., and General Motors Acceptance Corporation, Defendants.

No. 76 C 2191.

United States District Court, N. D. Illinois, E. D.

March 28, 1977.

See also, D.C., 431 F.Supp. 506.

Robert E. Masur, Legal Assistance Foundation of Chicago, Robert E. Lehrer and Dean T. Jost, Chicago, Ill., for plaintiff.

Joseph DuCoeur and James A. Cherney, Kirkland & Ellis, Edward V. Scoby, Charles M. Biggam, Jr., Franklin J. Lunding, Jr., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter is before the Court on Plaintiff's Motion for Leave to Proceed as a Class under Count I of the Complaint.

The action is brought under the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226, promulgated thereunder, and various Illinois statutes. Jurisdiction is invoked pursuant to 15 U.S.C. § 1640(e) and pendent jurisdiction.

Count I alleges that Defendants failed to properly disclose the cost of credit life insurance to Plaintiff and numerous other consumers, and that Defendants have used the sale of this insurance to mask a hidden finance charge.

Plaintiff seeks to represent a class under this Count to preliminarily and permanently enjoin Defendants from failing to include credit life insurance as part of the finance charge in its retail installment sales contracts, unless such credit life insurance is sold at the lowest possible cost and is accompanied by a statement as to the type of insurance and the terms thereof.

The class suggested by Plaintiff is as follows:

All consumers who bought or will buy property, including specifically credit life insurance, from Defendant Dick McFeely Pontiac, Inc. pursuant to a retail installment sales contract.

Defendant General Motors Acceptance Corporation ("GMAC") opposes class certification on several grounds, including the argument that Plaintiff is not a proper class representative. Defendant GMAC's basic argument is that Plaintiff does not now, and did not at the time of filing the action, have standing to seek injunctive relief *personally* because he did not and could not allege that he was threatened with future injury. Therefore, GMAC argues, Plaintiff lacks standing to seek or represent a class seeking injunctive relief.

■ It is axiomatic that the individual seeking to sue on behalf of a class must be a member of that class, *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). In particular, a plaintiff who seeks injunctive relief must be threatened by "substantial and immediate threat" of injury within the scope of the Complaint. Thus the threshold question is whether Plaintiff has standing to request equitable relief.

Under Rule 23(b)(2), a class action is appropriate when "the party opposing the class has acted or refused to act on grounds generally applicable to the class," and the representative is seeking "final injunctive relief or corresponding declaratory relief." For an action to proceed under 23(b)(2) the prerequisites of 23(a) must be met. Rule 23(a)(4) permits a class action only if "the representative parties will fairly and adequately protect the interests of the class." Thus the key issue before the Court is whether this Plaintiff, who alleges no continuing injury and whose interest in the action is purely monetary, should properly be certified as the class representative seeking Rule 23(b)(2) injunctive relief.

■ Count I requests such injunctive relief and therefore necessitates a named plaintiff with a proper interest in such relief. Defendant GMAC argues that Plaintiff has no such interest. In support of this argument GMAC cites Plaintiff's testimony in a deposition in which he stated that he will not make another purchase from Dick McFeely Pontiac, Inc. GMAC further argues that the suggestion that Plaintiff may, at some time in the future, purchase another automobile from Defendant Dick McFeely Pontiac, Inc. is too remote and speculative to be characterized as an interest in the injunctive relief sought.

■ Plaintiff responds to the suggestion that he is not a proper class representative by making several arguments in favor of class certification. He first argues that if the class is considered as a whole, both those who bought and those who will buy, there is substantial threat of future injury to the class. However, this argument does not address the crucial concern that a class representative be a member of the class he seeks to represent. Plaintiff is not a member of the subclass of individuals who "will

buy." A plaintiff who lacks standing to bring an individual action for injunctive relief certainly cannot bring a class action for such equitable relief. The Court recognizes the extensive experience Plaintiff's counsel has had in the area of Truth in Lending class action litigation, but such experience does not compensate for the absence of a proper class representative who will fairly and adequately protect the class interests.

Plaintiff also argues that the division of the class into two subclasses, (1) those who bought and (2) those who will buy, creates an injustice, and therefore the Court should not allow itself to be bound up by the "technicalities of issuing an injunction" in a situation where a class and the potential of future harm clearly exist, yet no champion for the class can exist.

■ This Court cannot consider the class as a whole. To do so would be to disregard the necessity of having a class representative who will properly pursue the litigation. Plaintiff alleges no "personal" interest in the injunction. Although his interest in the cause is not antagonistic to the interest of the group who will buy credit life insurance from Defendant, more than an absence of conflict of interest is required to have a proper class representative. The named plaintiff must be an individual who has standing to bring the action and be a member of the class at the inception of the action. *See, e.g., Mintz v. Mathers Fund, Inc.*, 463 F.2d 495 (7th Cir. 1972).

■ Plaintiff's final argument is that he must be allowed to represent the class of those individuals who "will buy" credit life insurance from Defendant because the situation is one which is "capable of repetition yet evading review," as in *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). That situation is not presented here. Although in certain cases an individual who is no longer entitled to prospective relief may be an adequate representative for a class seeking such relief, in each case the individual seeking the injunctive relief had standing to do so at the time the action was filed, and the individual claim became moot during the course of litigation. *Cf. Sosna v. Iowa*, 419 U.S. 393, 402, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Dunn v. Blumstein*, 405 U.S. 330, 333 n.2, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972). Plaintiff in the present case had no standing to seek injunctive relief at the time he filed suit. He could not and did not allege either substantial and immediate threat of irreparable harm or the inadequacy of legal remedies.

Accordingly, Plaintiff is denied leave to proceed as a class under Count I for injunctive relief. In light of this decision, it is unnecessary to reach the other arguments raised by Defendant.