## Dunbar v. Dunbar

*Theodore F. Huckestein, Jr.*, for plaintiff.
*Louis F. Silhol*, for judgment creditor.

BROSKY, *J.*, September 6, 1977—

## ISSUE

Whether a judgment creditor is limited to interest at the legal rate of six percent from the date of judgment even though the demand notes upon which the judgments were entered entitled it to a greater rate of interest prior to judgment?

## PROCEDURAL HISTORY

Plaintiff initiated this action for an accounting and partition on July 23, 1976, pursuant to which this court appointed a trustee to conduct a public sale of certain properties held by the parties.

Subsequent to said sale and confirmation thereof, the court directed the trustee to execute and deliver deeds and instruments of title to the bidder and to withhold the amount of any liens of record against either party, together with interest and costs thereon and to pay same to those to whom it was due.

Thereafter, on July 28, 1977, plaintiff's counsel presented a petition to reduce interest to this court, alleging that the amount of interest claimed of the trustee by Union National Bank, a judgment creditor, was in excess of that to which it is entitled by law.

Arguments thereon were heard by the court on August 11, 1977.

## FINDINGS OF FACT

Since the issue before the court encompasses a question of law, the relevant facts may be briefly summarized as follows: In exchange for two loans totaling $205,000, the parties herein executed demand notes to Union National Bank, accompanied by agreements that the loans were to be repaid at variable interest rates. The first loan, in the amount of $150,000, was reduced to a principal balance of $61,000 at which time the parties defaulted in their interest payment and judgment was entered at DSB 1463 January term, 1975, in the amount of $71,375.02, including attorney's fees of $9,150.

Though interest payments on the second note were paid at rates varying from nine and one-half percent to 12 percent, no principal payments were made and a complaint in assumpsit was filed and, subsequently, a default judgment entered at no. 2970 January term, 1975, in the amount of $57,459.19.

Following each of the aforesaid judgments, the parties continued to pay interest on both notes at variable rates of up to 12 percent.

## DISCUSSION

Judgment creditor, Union National Bank, seeks disbursement from the trustee for interest owing on its judgments at the rate of $35.45 per day, an annual rate in excess of 10 percent. Plaintiff, however, contends that it be restricted to the legal rate of interest of six percent from the dates of judgment.

In defense of this petition, Union National Bank argues that this action may only be brought by the trustee, at his discretion, in the civil division of this court; that the parties' voluntary interest payments subsequent to the entry of judgments constitutes an accord and satisfaction; and, that under the present factual circumstances, application of the legal interest rate is improper.

A trustee is without authority to do anything except those actions within the authority actually granted by the court. Though the trustee submits its determinations and recommendations for approval, it is the court which renders final decisions and enters decrees. Accordingly, resolution of the present legal issue never having been subrogated to the trustee, it is properly before this court.

Judgment creditor's contention that there has been an accord and satisfaction is also without merit. The elements of such a discharge are simply not present. In the first place, a different performance must be rendered than that claimed as due: 6 Corbin on Contracts §§1276 and 1284. Here, plaintiff and defendants continued payment of interest represented no variance from their obligations prior to the judgments.

Also, noticeably absent is any indication of an honest dispute as to the original liability, from which an accord and satisfaction must arise.

A mere refusal or failure to pay is insufficient: Ampex Corp. v. Appel Media, Inc., 374 F. Supp. 1114 (W.D. Pa. 1974); Law v. Mackie, 373 Pa. 212, 95 A. 2d 656 (1953).

In support of its final argument that the six percent legal interest rate is inappropriate under the present circumstances, judgment creditor offers the following: there was no attempt to execute upon the judgments prior to the filing of plaintiff's complaint; plaintiff and defendant voluntarily paid interest after judgments were entered against them; and, the action for partition is not an execution by the creditor.

This court fails to see the materiality of Union National having entered judgment but not initiating execution against the Dunbars' assets. Since it is the judgment itself which causes the law to interpose and regulate the rate of interest, any subsequent action or, in this instance, inaction by the creditor is not relevant.

Though there is not an abundance of Pennsylvania case law on this issue, the decisions are clear and consistent. A debtor who defaults becomes liable at the legal rate of six percent, regardless of the rate prescribed in the obligation itself: Miller v. Reading, 369 Pa. 471, 87 A. 2d 223 (1952); 6A Standard Pa. Pract. §313, 550. We have not been provided with nor does our research indicate any holdings to the contrary.

Had the parties intended otherwise, they could easily have so provided in the agreement. Yet, the instruments are silent on this point and the judgment creditor, having drafted and presented the

notes to plaintiff and defendant for their signatures, may not now benefit from its own omission.

Since only lawful interest is statutorily permitted from the time judgment was obtained until satisfaction thereof: 1700, 1 Sm.L. 7, 12 P.S. §782; Union National Bank is entitled to interest from the dates of judgment of six percent, and any payments by plaintiff and/or defendant made subsequent to the judgment entries in excess of said rate shall be applied as credits against the loan principals, effective the date of payment.

An order shall issue.

## ORDER

And now, September 6, 1977, it is hereby ordered and decreed that Donnell D. Reed, trustee, shall compute and present to the court for review prior to distribution thereof, the amount owing to Union National Bank by virtue of its judgments recorded at DSB 1463 January term, 1975, and 2970 January term, 1975, together with interest thereon at six percent, subject, however, to credits against the principal in the amounts by which those interest payments made subsequent to the judgments exceeded the rate of six percent.