**Ann RUSSELL, Plaintiff,**

v.

**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, a foreign corporation, Defendant.**

**No. 81 C 2103.**

United States District Court,
N. D. Illinois, E. D.

June 11, 1982.

Kwiatt & Silverman, Ltd., Chicago, Ill., for plaintiff.

Thomas J. Brophy, Beverly, Pause, Duffy & O'Malley, Chicago, Ill., for defendant.

Memorandum

LEIGHTON, District Judge.

This diversity action for breach of an insurance contract centers on the health woes of a thoroughbred named "Fourmost", a show-horse. Plaintiff Ann Russell, a citizen of the State of Illinois, is Fourmost's owner. Defendant American Bankers Insurance Company is incorporated and has its principal place of business in Florida and is in the business of issuing and selling various types of property insurance, including those insuring—with limitations, of course—the continued health of horses.

In August of 1979, defendant issued a Livestock Mortality Policy to plaintiff covering Fourmost. The term of the Policy was one year, from August 3, 1979 to Au-

gust 3, 1980. However, the policy included a three month grace period for conditions which may have been started during the term of the policy but did not manifest themselves until after its expiration. Consequently, the policy was in effect from August 3, 1979 to November 30, 1980. In December 1979, Fourmost developed lameness in his right front foot. This lameness was a symptom of an arthritic condition which grew worse during the next year. Fortunately for Fourmost, the condition was successfully treated with surgery in May 1981. For most of 1981, Fourmost was in the best of health and was able to run, jump, and prance, as show horses do, without difficulty. However, in late 1981, the lameness resurfaced; poor Fourmost's condition has worsened; he is not the horse he once was. Plaintiff filed a claim with American Bankers for this disability, which was disallowed, and in April 1981, she instituted this action.

The cause is presently before the court on defendant's motion for summary judgment. After reviewing the parties' submissions, the court concludes that there are no issues of material fact; that plaintiff's claim is not covered by the policy; and, accordingly, that defendant's motion for summary judgment must be granted.

The policy at issue provides, in pertinent part:

> In the event of the animal(s) insured by the Policy manifesting during the Policy period of a condition that although not necessitating destruction for humane reasons, does during the Policy period ... render the animal permanently incapable of fulfilling the functions or duties for which it is kept or employed as stated in the Policy and further indicates the destruction of the animal for economic reasons; this Policy will pay seventy-five percent (75%) of the amount insured on such animal on receipt of confirmation of destruction during the Policy period by a qualified Veterinary Surgeon.

The uncontradicted deposition testimony of Dr. Norman Cornelius, who was plaintiff's veterinarian and who treated Fourmost during the entire period in question, establishes that Fourmost's arthritic condition did not permanently disable him during the policy period. According to Dr. Norman, the illness which Fourmost had, while making him temporarily lame, was treatable, and was in fact successfully treated in May 1981. Further, during much of the policy period and after the operation, Fourmost was capable of fulfilling the functions for which he was kept, namely show, jumping and pleasure. Further, Fourmost was not destroyed for economic reasons during the life of the policy. In fact, Fourmost was still alive as of January 28, 1982.

These facts are uncontested. Plaintiff submits two recent examinations of Fourmost in support of her position that he is permanently disabled. However, the question of his condition at present, while of great concern to him, is not relevant to the court's determination. All that is relevant is that which relates to his condition during the term of the policy; and the uncontradicted facts show that during the policy period, Fourmost was temporarily, not permanently, disabled, and was never destroyed for economic reasons. The fact that Fourmost was not destroyed during the term of the policy, while fortunate for Fourmost, is not so for plaintiff, as her claim is, consequently, outside the policy coverage.

As there is no issue as to any material fact, summary judgment in this case is proper. *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 498 (7th Cir. 1972). Therefore, for the reasons stated, defendant's motion is granted; summary judgment is entered for defendant; each party to bear its own costs.