**ALLENDALE MUTUAL INSURANCE COMPANY, as Subrogee of Interstate Industries, Inc., and Sears Roebuck & Company, Plaintiffs,**

v.

**LEASEWAY WAREHOUSE, INC., and American District Telegraph Company, Defendants.**

No. 81 C 3818.

United States District Court, N.D. Illinois, E.D.

Aug. 5, 1985.

John N. Love, Robins, Zelle, Larson & Kaplan, Wellesley, Mass., for plaintiffs.

John Horvath, Conklin & Adler, Ltd., Chicago, Ill., for Leaseway Warehouses, Inc.

David Ullrich, Eckhart, McSwain, Hassell & Silliman, Chicago, Ill., for American Dist. Telegraph Co.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Defendant American District Telegraph Company ("ADT"), has brought a motion for summary judgment against the plaintiff, Allendale Mutual Insurance Company ("Allendale"), and for summary judgment against its co-defendant Leaseway Warehouse, Inc. ("Leaseway"). Leaseway has also moved for summary judgment against the plaintiff, Allendale. For the foregoing reasons, Leaseway's motion is denied, and both motions of ADT are granted.

### Facts

ADT and Leaseway entered into a contract whereby ADT agreed to provide Leaseway with supervisory sprinkler and water flow alarm service which would detect any water leakage from the sprinkler system within Leaseway's warehouse. The contract contained the following clauses:

"The subscriber (Leaseway) does not desire this contract to provide for full liability of the contractor (ADT) and agrees that the contractor shall be exempt from liability for loss, damage or injury due directly or indirectly to occurrences or consequences therefrom which the service or system is designed to detect or avert; ..."

\*   \*   \*   \*   \*   \*

In the event any person, not a party to this agreement, shall make any claim or file any lawsuit against the contractor for failure of its equipment or service in any respect, subscriber agrees to indemnify, defend and hold contractor harmless from any and all such claims and lawsuits including the payment of all damages, expenses, costs and attorney's fees.

The plaintiff, Allendale, was not a party to this contract, nor were its subrogors.

A contract did exist between the subrogor and Leaseway whereby Leaseway agreed to store Interstate Industries, Inc. ("Interstate") stereo consoles at its warehouse. According to Leaseway, its liability for any losses for damages was limited by the warehouse receipts which contained the terms and conditions of the bailment. The receipts stated the time period in which a claim must be made (60 days) and the time period for the commencement of an action (nine months) against Leaseway.

On the night of January 27, 1979 a large chunk of ice fell from the roof and wall of the Leaseway warehouse where the stereo consoles were stored. The ice broke a water pipe connected to the sprinkler system. The alarm sounded and was received by ADT. ADT notified the Alsip Fire Department and sent out an alarm investigator. Both found nothing. ADT also alerted a Leaseway employee, who told ADT he would check out the situation. However, the employee never arrived at the warehouse because his auto got stuck in the snow. He contacted ADT and told them that he would be unable to respond to the alarm. ADT did not call or notify any other Leaseway employee. Water continued to flow from the broken pipe, damaging the property of Interstate.

The plaintiff is now seeking a recovery of the amount it paid to the insured. Leaseway, however, contends that no claim was filed within 60 days nor was this action commenced within nine months of the accident. Consequently, the plaintiff cannot recover. Yet, the plaintiff contends that its insured never received receipts. Further, even if the subrogor did receive such receipts, Leaseway had sufficient notice of

the claim for damages because of communications which were made between the parties pertaining to the damaged property.

In addition to claims against Leaseway, the plaintiff contends that ADT is liable to it in tort. According to the plaintiff liability is imposed under § 324A of the Restatement which creates liability when a person negligently performs an undertaking. The Restatement states:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

ADT contends, however, that it is entitled to summary judgment because its obligation to third parties such as the subrogor Interstate are determined by its contract with Leaseway. This contract sets the boundaries of the undertaking. Hence, the exculpatory clauses are applicable to the plaintiff also.

ADT also argues that it is entitled to summary judgment against its co-defendant Leaseway. Leaseway filed a cross-claim against ADT contending that the contract between the parties was an unconscionable adhesion contract and therefore unenforceable. ADT disagrees, stating that the contract is binding, and therefore ADT is relieved of any liability to Leaseway.

### Summary Judgment

Defendants have moved for summary judgment on all four counts. On a motion for summary judgment, the moving party has the burden of establishing that there is no genuine issue of material fact and that

it is entitled to judgment as a matter of law. *Cedillo v. International Association of Bridge and Structural Iron Workers,* 603 F.2d 7, 10 (7th Cir.1979). The non-moving party is entitled to all reasonable inferences that can be made in its favor. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). However, the plaintiff may not merely rely on conclusory pleadings to withstand summary judgment. In responding to a motion for summary judgment, a plaintiff must set forth specific fact in affidavits or otherwise showing that there are genuine issues that must be decided at trial. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.1983).

The purpose of the summary judgment procedure is to eliminate a trial in cases where a trial is unnecessary and results in delay and expense. *Mintz v. Mathers Fund, Inc.,* 463 F.2d 495, 498 (7th Cir. 1972). As the Seventh Circuit Court of Appeals has noted, with the ever-increasing burden upon the judiciary, persuasive reasons exist for the utilization of summary judgment procedures whenever possible. *Kirk v. Home Indemnity Co.,* 431 F.2d 554, 559–60 (7th Cir.1970). Court therefore will not strain to find the existence of a genuine issue where none exists. *Id.*

### I. Leaseway's Motion for Summary Judgment Against Allendale

■ Leaseway contends that its liability to Allendale is limited by the receipts given to the subrogor. Further, it argues that the plaintiff failed to meet the conditions of the receipts, and therefore the plaintiff cannot recover. The plaintiff states that no receipts were given to its subrogor and consequently it had no knowledge of the time limitations. The affidavits reflect this conflict. In addition, Leaseway has failed to produce a copy of the receipts allegedly owed to Allendale. The court therefore finds that a genuine issue of material fact exists, and summary judgment is denied on this basis. The Court does not reach any

other issue raised in the motion for summary judgment at this time.

## II. ADT's Motion for Summary Judgment Against Cross-Defendant Leaseway

ADT and Leaseway entered into a contract. This contract, as previously stated, contained exculpatory clauses which exempted ADT from liability. Leaseway contends that the contract was an unconscionable adhesion contract and therefore unenforceable. ADT contends that the contract is enforceable, and therefore Leaseway has a duty to defend and cannot hold ADT liable for any losses suffered.

In keeping with the principle of freedom of contract, contractual limitations are generally held valid in Illinois. *Pick-Fisheries, Inc. v. Burns Electronics Service, Inc.,* 35 Ill.App.3d 467, 342 N.E.2d 105 (1976). If, however, the contract is against settled public policy or there is something in the social relationship which militates against upholding the agreement, the contract will not be enforced. *Jackson v. First National Bank,* 415 Ill. 453, 114 N.E.2d 721 (1953).

█ In *Fireman's Fund American Insurance Co. v. Burns Electronics Services, Inc.,* 93 Ill.App.3d 298, 48 Ill.Dec. 729, 417 N.E.2d 131 (1981), the defendant agreed to provide a burglary alarm system to a jewelry store. The contract absolved the defendant from any liability for loss caused by a failure of the system, even if the loss was caused by the defendant's negligence. The clause was found to be valid and upheld by the court. Contracts with similar clauses have also been upheld by Illinois courts in the past. *See, First Financial Insurance Co. v. Purolator Security, Inc.,* 69 Ill.App.3d 413, 26 Ill.Dec. 393, 388 N.E.2d 17 (1979); *Pick-Fisheries, Inc.,* 35 Ill.App.3d 467, 342 N.E.2d 105.

The exculpatory clauses found in the present case are virtually identical to those found in *Fireman's Fund.* It is undisputed that the contract was voluntarily made at arms length between two corporations. The contract in this case is enforceable between the parties just as the contract in *Fireman's Fund* was enforceable.

Accordingly, since no genuine issue of material fact exists, and the contract is binding and enforceable, the defendant ADT is entitled to summary judgment.

## III. ADT's Motion for Summary Judgment Against Allendale

Defendant ADT has also moved for summary judgment against the plaintiff, Allendale. The plaintiff alleges that ADT is liable in tort under § 324A of the Restatement, "Liability to 3rd Persons for Negligent Performance of Undertaking", which has been adopted by Illinois courts. *See, Pippin v. Chicago Housing Authority,* 78 Ill.2d 204, 35 Ill.Dec. 530, 399 N.E.2d 596 (1979); *accord Cross v. Wells Fargo Alarm Services,* 82 Ill.2d 313, 45 Ill.Dec. 121, 412 N.E.2d 472 (1980). According to the plaintiff, the defendant negligently performed its duty regarding the alarm service and this negligence caused the damage to the subrogor's property.

The Illinois Supreme Court has held that any duty owed under § 324A is limited by the terms of the contract creating the duty. In *Pippin v. Chicago Housing Authority,* 78 Ill.2d 204, 35 Ill.Dec. 530, 399 N.E.2d 596, the Court held a security company liable for injuries to a third person, who was visiting premises that the security company had contracted to guard. The court held that the security company assumed the duty owed to persons lawfully on the premises, "of exercising reasonable care in the performance of its *contracted obligation.*" (emphasis added) *Id.* at 78 Ill.2d at 204, 35 Ill.Dec. at 534, 399 N.E.2d at 600. Thus, since the security company had contractually assumed the duty to protect the premises of the persons therein, it owed a duty to the plaintiff under § 324A.

However, in *Cross v. Wells Fargo Alarm Services,* 82 Ill.2d 313, 45 Ill.Dec. 121, 412 N.E.2d 472 (1980), the Illinois Supreme Court held that no duty was owed to third persons lawfully on the premises, where the terms of the contract did not require Wells Fargo to protect the premises at the

time of the injury. Thus, when no contractual duty was owed, no duty arose under § 324A.

In the instant case, under these cases, any obligation which ADT owes to third persons must derive from the contract between ADT and Leaseway. The contractual limitations on ADT's liability to Leaseway and other parties limit its duty to the plaintiff under § 324A. Since ADT's contract specifically states that ADT could not be held liable for damages caused by it, no duty was assumed under the contract, and therefore no duty can be imposed under § 324A. Without a contractual basis for imposing a duty under § 324A, Allendale cannot recover from ADT under this theory. Since there exists no genuine issue of material fact in this regard, ADT is entitled to summary judgment against Allendale.

Accordingly, summary judgment is granted in favor of ADT and against Allendale.