**Floyd L. WALLACE,
Plaintiff-Appellant,**

v.

**Jim GREER, Michael P. Lane, and
Illinois Prison Review Board,
Defendants-Appellees.**

No. 85–2250.

United States Court of Appeals,
Seventh Circuit.

Argued April 16, 1986.

Decided June 4, 1987.

---

Howard B. Eisenberg, Southern Illinois University, School of Law, Carbondale, Ill., for plaintiff-appellant.

Cynthia M. Bretthauer, Office of Atty. Gen., Chicago, Ill., for defendants-appellees.

Before WOOD and COFFEY, Circuit Judges, and NOLAND, District Judge.[*]

COFFEY, Circuit Judge.

Plaintiff-appellant Floyd L. Wallace appeals the district court's grant of summary judgment on his claim that he was unlawfully incarcerated pursuant to 42 U.S.C. § 1983. We affirm.

## I

On October 10, 1975, Wallace was convicted of burglary in Madison County, Illinois and sentenced to a term of not less than two but not more than six years of imprisonment. Subsequent to the adoption of the new sentencing law in Illinois in 1978, the Illinois Prisoner Review Board offered Wallace the opportunity of remaining eligible for discretionary parole or waiving his right to parole and accepting a fixed date for release on a two-year term of mandatory supervised release ("MSR"). *See* Ill.Rev.Stat. ch. 38, para. 1003–3–2.1 (1978). Wallace requested the board establish a fixed date for his release on a two-year term of MSR, and the board set March 24, 1979 as the date of Wallace's release.

Wallace was released from prison on March 23, 1979 on MSR, but thereafter was convicted of theft in Illinois while on MSR,[1] sentenced to 364 days of incarceration and returned to prison on August 18, 1979 for violating the terms of his mandatory supervised release. On March 28, 1980, Wallace was again released on a program of mandatory supervised release but three months thereafter on July 8, 1980 a warrant was issued for Wallace's arrest for absconding from the mandatory supervised release program and for failure to report timely to his MSR supervisor.[2] On August 29, 1980, police in Redding, California arrested and jailed Wallace on burglary charges. On January 12, 1981, Wallace pled guilty to receiving stolen property in California and received a six-month term of imprisonment with the understanding that his California sentence would be commuted to time served upon his surrender to Illinois authorities. Wallace waived extradition and was returned to Illinois on January 26, 1981.

On March 9, 1981, Wallace was awarded 28 days of meritorious good time credit toward his Illinois burglary sentence and, on March 13, Wallace was granted an additional 90 days of meritorious good time credit by the Illinois prison authorities and released. On April 23, 1983, Wallace, proceeding *pro se*, filed this suit for damages naming Jim Greer, the warden of Menard State Prison, Menard, Illinois, and Michael P. Lane, the Director of the Illinois Department of Corrections as defendants. Wallace alleged that he was unlawfully confined by the defendants in prison after the expiration of his burglary sentence. The district court granted the defendants' motion for summary judgment, and Wallace appeals.

---

[*] The Honorable James E. Noland, Chief District Judge of the Southern District of Indiana, is sitting by designation.

[1]. The record fails to specify the date on which Wallace committed this offense.

[2]. The record is unclear as to whether Wallace was declared an absconder because he left Illinois without permission or because he merely failed to report timely to an agent of the Illinois Department of Corrections.

## II

"A grant of summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Wainwright Bank & Trust Company v. Railroadmens Federal Savings & Loan Association of Indianapolis*, 806 F.2d 146, 149 (7th Cir. 1986). "The primary purpose of a grant of summary judgment is to avoid unnecessary trials." *Id. See also Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 498 (7th Cir. 1972). The defendants, the moving parties in this case, have "the burden of establishing" that no triable issue exists. *See Big O Tire Dealers, Inc. v. Big O Warehouse*, 741 F.2d 160, 163 (7th Cir.1984). "[T]o preclude summary judgment, the non-moving party must show the disputed fact to be material, that is, it must be outcome-determinative under the applicable law." *Wainwright*, 806 F.2d at 149. "[F]acts not outcome-determinative under the applicable law, though in dispute may still permit the entry of summary judgment." *Id.* In *Munson v. Friske*, 754 F.2d 683 (7th Cir. 1985), we stated:

"By entering summary judgment for a party, the district court is concluding that based on the evidence upon which the plaintiff intends to rely at trial, no reasonable jury could return a verdict for the plaintiff.... In reviewing a summary judgment, an appellate court must view the entire record and the inferences drawn therefrom in the light most favorable to the party opposing the motion.... If a study of the record reveals that inferences contrary to those drawn by the trial court might be permissible, then the summary judgment should be reversed."

*Id.* (citations omitted). To secure a reversal of a summary judgment, plaintiffs "must allude to specific facts which raise a genuine issue for trial." *Linhart v. Glatfelter*, 771 F.2d 1004, 1008 (7th Cir.1985). In *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495 (7th Cir.1972), this court stated:

"Appellate courts should not look the other way to ignore the existence of the genuine issues of material facts, but neither should they strain to find the existence of such genuine issues where none exist."

*Id.* at 498.

On appeal, Wallace maintains that the district court improperly granted the defendant's motion for summary judgment since it purportedly failed to address the issue raised in Wallace's complaint, namely whether Wallace was unlawfully incarcerated in an Illinois prison from January 26 to March 13, 1981 after the expiration of his burglary sentence. In his complaint, Wallace alleges that he was unlawfully held in an Illinois state prison beyond the expiration of his 2–6 year burglary sentence. In analyzing, the district court's grant of summary judgment, we note that "*pro se* pleadings are to be liberally construed." *Merritt v. Faulkner*, 697 F.2d 761, 766 (7th Cir.1983). *See also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.1982).

It is difficult to discern precisely from Wallace's complaint what he alleges since his complaint is incomprehensible. The district court interpreted the complaint as alleging that Illinois prison officials unlawfully imprisoned Wallace because they miscalculated Wallace's 2–6 year burglary sentence. In the complaint, Wallace fails to specify the basis of his allegation that the Illinois authorities miscalculated his sentence. It seems that the district court assumed that Wallace was contending that the length of his Illinois sentence should have been reduced commensurate with the period of time he was confined in California. In its order granting the defendants' motion for summary judgment, the district court stated that "[i]n his [Wallace's] Complaint, the plaintiff alleges that from the months of January, 1981, to March, 1981, he was unlawfully imprisoned by defendants." *Wallace v. Greer*, No. 83–3096 (S.D.Ill. May 3, 1985), p. 2. The court further stated that "[p]laintiff claims that the five months of time spent imprisoned in California should have been credited to the sentence he was compelled to complete in Illinois." *Id.*

At oral argument, counsel for Wallace conceded that the Illinois prison authorities had accurately computed Wallace's sentence insofar as it was proper under Illinois law not to credit Wallace with the time he spent in confinement in California. Counsel for Wallace contends that because the district court failed to decide the issue presented in Wallace's complaint we should therefore reverse. Specifically, we interpret Wallace's argument as alleging that the trial court decided in error that he was not entitled to credit on his Illinois sentence for the time he was incarcerated in California and further that the court failed to address the issue of whether Wallace was unlawfully incarcerated in early 1981 on his return to Illinois from California. He maintains that the proper issue framed for the district court's decision was whether a question of material fact remained concerning whether Wallace had in fact completed his Illinois sentence prior to his return to Illinois from California in January, 1981. Despite the fact that Greer, Lane, and the Illinois Prison Board acted properly in not crediting Wallace for the time spent in confinement in California, counsel for Wallace maintains that Wallace's sentence still may have been miscalculated.

In *Miller v. Gateway Transportation Company, Inc.*, 616 F.2d 272 (7th Cir.1980), we stated that "we 'may affirm on any ground that finds support in the record' in appeals from summary judgment." *Id.* at 275 n. 7 (quoting *Mims v. Board of Education*, 523 F.2d 711, 716 n. 2 (7th Cir. 1975)) (citation omitted). *See also Helvering v. Gowran*, 302 U.S. 238, 245–46, 58 S.Ct. 154, 158, 82 L.Ed. 224 (1937); *Maguire v. Marquette University*, 814 F.2d 1213, 1216 (7th Cir.1987); *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voight*, 700 F.2d 341, 359 (7th Cir.1983); 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2716, at 440 (1973). The defendants argue on appeal that because a review of the undisputed facts contained in the record reveals that Wallace was not unlawfully incarcerated past the expiration of his sentence the district court's grant of summary judgment in favor of defendants should be affirmed.

Under Illinois law, when a prisoner is released on mandatory supervised release ("MSR") and violates the terms of that release, the Illinois Prisoner Review Board is authorized to revoke the release. Ill. Rev.Stat. ch. 38, para. 1003–3–9 (1983). The Illinois statute governing mandatory supervised release states:

§ 3–3–9. Violations; changes of conditions; preliminary hearing; revocation of parole or mandatory supervised release; revocation hearing. (a) If prior to expiration or termination of the term of parole or mandatory supervised release, a person violates a condition set by the Prisoner Review Board to govern that term, the Board may:

(1) continue the existing term, with or without modifying or enlarging the conditions; or

(2) parole or release the person to a half-way house; or

(3) revoke the parole or mandatory supervised release and reconfine the person for a term computed in the following manner:

\* \* \* \* \* \*

(i)(B) For those subject to mandatory supervised release under paragraph (d) of Section 5–8–1 of this Code, the recommitment shall be for the total mandatory supervised release term, less the time elapsed between the release of the person and the commission of the violation for which mandatory supervised release is revoked. The Board may also order that a prisoner serve up to one year of the sentence imposed by the court which was not served due to the accumulation of good conduct credit.

(ii) The person shall be given credit against the term of reimprisonment or reconfinement for time spent in custody since he was paroled or released which has not been credited against another sentence or period of confinement;

\* \* \* \* \* \*

(b) The Board may revoke parole or mandatory supervised release for violation of a condition for the duration of the term and for any further period which is

reasonably necessary for the adjudication of matters arising before its expiration. The issuance of a warrant of arrest for an alleged violation of conditions of parole or mandatory supervised release shall toll the running of the term until the final determination of the charge, but where parole or mandatory supervised release is not revoked that period shall be credited to the term.

Ill.Rev.Stat. ch. 38, para. 1003–3–9 (1983).[3] Under Illinois law, a prisoner released to the mandatory supervised release program must serve the entire term unless the Illinois Prisoner Review Board reduces the term pursuant to statute. Since Wallace was convicted of burglary, a class two felony under Illinois law, Wallace's mandatory supervised release term was determined under the statute to be two years. *See* Ill.Rev.Stat. ch. 38, para. 1005–8–1 (1983); Ill.Rev.Stat. ch. 38, para. 19–1 (1983). Wallace was released on March 23, 1979, and, thus his mandatory supervised release term would not expire until March 23, 1981. Since Wallace was released from his sentence on March 13, 1981, he cannot now properly claim that he was unlawfully incarcerated beyond the expiration of his sentence. Further, the defendants' claim that Wallace could not have been unlawfully incarcerated beyond the expiration of his term is buttressed by the fact that the running of his MSR term was tolled when he absconded to California. *See* Ill.Rev. Stat. ch. 38, para. 1003–3–9 (1983). Since Wallace's MSR term stopped running when he absconded from supervision and was declared an MSR violator on May 30, 1980 and could not start again until after he was returned to Illinois on January 26, 1981, seven months and twenty-six days could have been added to his term.[4] Since Wallace was not unlawfully detained past the expiration of his sentence, we hold that the district court's grant of summary judgment in favor of the defendants was proper.

Finally, Wallace maintains that the district court abused its discretion in denying Wallace's motions for the appointment of counsel in this case. We need not reach this issue since we have determined that the district court properly granted summary judgment in favor of the defendants-appellees.

## IV

The judgment of the district court is affirmed.

---

3. Counsel for Wallace stated during oral argument that *Jackson v. Fairman,* 94 Ill.App.3d 131, 49 Ill.Dec. 556, 418 N.E.2d 200 (1981), established the proper analysis to be followed in calculating a prisoner's sentence. In *Jackson,* the Illinois Appellate Court when interpreting Ill.Rev.Stat. ch. 38, para. 1003–3–9(a)(3)(ii) stated that a "person shall be given credit against the term of reimprisonment or reconfinement for time spent in custody since he was paroled or released which has not been credited against another sentence or period of confinement." In the present case, following the analysis used in *Jackson,* Wallace's period of confinement was correctly calculated since the time spent in confinement after the revocation of his MSR was credited to his sentence.

4. Wallace was entitled to have his maximum sentence reduced through the award of mandatory day-for-day good conduct credits earned during his periods of incarceration in Illinois. *See* Ill.Rev.Stat. ch. 38, para. 1003–6–3 (1983). However, the good conduct credits Wallace earned after his return to prison on August 18, 1979 as a violator of his MSR due to his conviction for theft were applied to reduce his 364 day sentence for his theft conviction, permitting him to be released again on MSR on March 28, 1980. Wallace was not again entitled to have his sentence reduced through the accumulation of good conduct credits until his return to the Illinois prison system on January 26, 1981. Thus, Wallace's sentence could not have expired prior to January, 1981 through the accumulation of good conduct time.