**James Earl WILLIAMS, Plaintiff,**

v.

**Kenneth L. McGINNIS, Defendant.**

**No. 91 C 342.**

United States District Court,
N.D. Illinois, E.D.

Feb. 7, 1991.

James Earl Williams, pro se.

## MEMORANDUM OPINION
## AND ORDER

BUA, District Judge.

James Earl Williams, an inmate at Menard Correctional Center, brings this petition pursuant to 42 U.S.C. § 1983, seeking leave to file in forma pauperis. He requests the court to grant a temporary restraining order and preliminary injunction, which he has also filed as a separate motion, enjoining the defendant from denying him a transfer to Stateville Correctional Center, costs, and any further relief.

Williams alleges that on November 13, 1989, he requested protective custody because his life had been threatened. The Menard assignment officers denied this request on November 22, 1989, and the Administrative Review Board upheld the denial in January, 1990. An inmate assaulted Williams on February 2, 1990, and he suffered several injuries to his right fingers. On March 21, 1990, he again requested protective custody, and this was denied on April 4, 1990. On May 25, 1990, he was transferred to the protective custody unit; however, an inmate who had assaulted him at Pontiac on July 24, 1987, was placed in the same cell with Williams. Meanwhile, in January, 1990, Williams's counselor submitted a request for a transfer to Stateville, and Menard approved the transfer. On July 21, 1990, the transfer co-ordinator denied the transfer, and on September 27, 1990, the Administrative Review Board upheld this denial. Williams wants the transfer because Stateville has programs Menard doesn't have and he is not adequately protected from his enemies.

Williams states in an accompanying affidavit that he has a § 1983 suit pending in the Southern District of Illinois in regard to the inmate attack on February 2, 1990, and a suit pending in Randolph County in regard to the inmate who had previously assaulted him being placed in the same cell on May 25, 1990. Williams's motion for a temporary restraining order and preliminary injunction is therefore the only issue before this court.

In order to obtain a preliminary injunction, Williams must show: 1) a reasonable likelihood of success on the merits; 2) the inadequacy of a remedy at law; 3) the existence of irreparable harm without the injunction; 4) that the threat of harm to him outweighs any harm to the defendant if the injunction were issued; 5) that the public interest would not be disserved if the injunction were granted. *Somerset House, Inc. v. Turnock,* 900 F.2d 1012, 1014–15 (7th Cir.1990). Williams, however, as a matter of law, cannot prevail on the merits.

Prisoners do not have a constitutional right to remain in or be transferred to a correctional institution of their own choosing. *See Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). Nor do the Illinois Department of Corrections regulations create a liberty interest in transfers entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment. *Shango v. Jurich,* 681 F.2d 1091, 1099 (7th Cir.1982). Prison officials in fact have the discretion to transfer or not to transfer prisoners for any reason. *Id.* at 1098. Because Williams can make no showing of a likelihood of success on the merits, he has not met the threshold burden for obtaining a preliminary injunction. *Kellas v. Lane,* 923 F.2d 492 (7th Cir.1991). Furthermore, his desire to be transferred to Stateville so that he can participate in programs there is not sufficient for him to prevail on the merits because prison officials are not required by the Constitution to provide educational, rehabilitative, or vocational programs. *Garza v. Miller,* 688 F.2d 480, 485 (7th Cir.1982), *cert. denied* 459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000 (1983); *Buffington v. O'Leary,* 748 F.Supp. 633 (N.D. Ill.1990). The court further notes that Williams also makes no showing of a present danger of inmate attack. The attack he alleges happened almost a year ago and since then prison officials have taken steps to secure his safety by placing him in protective custody at Menard.

Accordingly, finding no arguable legal basis for the complaint, the court denies

Williams's motion for leave to file in forma pauperis, *see Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), and, in accordance with the procedure prescribed by *Smith–Bey v. Hospital Administrator,* 841 F.2d 751, 758 (7th Cir.1988), dismisses this action with prejudice pursuant to 28 U.S.C. § 1915(d). His motion for a temporary restraining order and preliminary injunction is also denied.