12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Otis R. JONES, Plaintiff-Appellant,
v.
Jack R. DUCKWORTH, et al., Defendants-Appellees.
 No. 93-1038.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 2, 1993.[1]
Decided Dec. 14, 1993.
 
 Before POSNER, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Jones appeals from the denial of his application to proceed in forma pauperis (IFP), and from an order dismissing his civil rights action. 42 U.S.C. Sec. 1983. Jones alleges that defendants' reclassification of inmates according to their past misconduct violated his Fourteenth Amendment rights because it would affect education and job assignments. Jones also alleges in the complaint that the Conduct Adjustment Board (CAB) erred in finding him guilty of violating a prison rule when he was not adequately informed of what rule he had violated. This court granted Jones' petition to proceed IFP on appeal.
 
 Discussion
 
 2
 A court may dismiss an IFP claim if the action is frivolous or malicious. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1828 (1989); 28 U.S.C. Sec. 1915(d). A complaint is frivolous where it lacks an arguable basis in either law or fact. Neitzke, 490 U.S. at 324-325, 109 S.Ct. at 1831-32. Thus, section 1915(b) discourages the filing of baseless lawsuits and the concomitant waste of judicial and private resources. Neitzke, 490 U.S. at 329, 109 S.Ct. at 1833. This court will not overturn the denial of an IFP claim absent an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 3
 A prisoner has no property or liberty interest in a particular job assignment or to particular educational benefits. Wallace v. Robinson, 940 F.2d 243, 245 (7th Cir.1991) (en banc) (inmates have no right to any job at all). Similarly, he has no right to a certain educational classification. Armstrong v. Lane, 771 F.Supp. 943 (S.D.Ill.1991); Williams v. McGinnis, 755 F.Supp. 230 (N.D.Ill.1991). Moreover, no Indiana statute or rule creates such a property or liberty interest. Because Jones' argument lacks any basis in law or fact, the district court did not abuse its discretion in denying Jones' IFP claim. Neitzke, 109 S.Ct. at 1831.
 
 
 4
 Jones also argues that prior to a disciplinary hearing he was never informed that he was accused of violating Adult Disciplinary Policy 465.[2] The record indicates that Jones received adequate written notice of the charges pursuant to Wolff v. McDonnell, 418 U.S. 539 (1974).[3] Thus, this claim was also frivolous.[4]
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [2]
 Policy 465 involves the violation of any facility/institutional rule, regulation or standing order if the rule, regulation or standing order has been communicated to the offender. Jones was accused of receiving a pass, and then taking 20 minutes (instead of the requisite five minutes) to reach a destination. The Adjustment Board imposed 30 days' segregation time. Jones had been released from segregation for over 30 days prior to filing this Sec. 1983 action
 
 
 [3]
 See Appellant's Appendix G, H and I
 
 
 [4]
 In addition, the claim is moot, except for the request for written notice, because the 30 days' segregation time has been served, and Jones seeks only expungement of the disciplinary proceeding. Forbes v. Trigg, 976 F.2d 708 (7th Cir.1992)