**Anthony JOHNSON, Plaintiff–Appellant,**

v.

**D.E. PELKER, Correctional Officer; C. Cates; Mr. Moore; James H. Thieret, Warden; Michael P. Lane, Director; Mr. Megers, Correctional Officer, Defendants–Appellees.**

**No. 88–3066.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 15, 1989.

Decided Dec. 12, 1989 *.

As Corrected Dec. 18, 1989.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R. App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Anthony Johnson, Centralia, Ill., pro se.

Karen S. Rosenwinkel, Asst. Atty. Gen., Chicago, Ill., Christine Zeman, Asst. Atty. Gen., Crim. Appeals Div., Springfield, Ill., for defendants-appellees.

Before CUMMINGS, FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.

FLAUM, Circuit Judge.

*Pro se* plaintiff-appellant, Anthony Johnson, filed a complaint under 42 U.S.C. § 1983 challenging the conditions of his confinement at the Menard Correctional Center. Johnson's complaint stated five claims:

1. On March 11, 1986, when Johnson was initially placed in the segregation unit, the walls of his cell were smeared with "human defecation," and the water was not turned on. Despite requests to correctional officer Pelker for cleaning supplies and water, nothing was done for three days.

2. On March 28, 1986, Johnson got caught in the crossfire of a confrontation between inmates in neighboring cells and correctional officer Cates who lost his balance while throwing a bucket of some liquid at another inmate, hitting Johnson and his mattress instead. Johnson's requests for dry bedding were denied.

3. On March 28, 1986, Johnson was denied dry clothing after being drenched by water thrown by correctional officer Moore to extinguish a fire near Johnson's cell.

4. On April 26, 1986, Johnson was verbally abused by correctional officer Megers.

5. Despite Johnson's complaints about these incidents to Director Lane and Warden Thieret, they did nothing.

Upon consent of all the parties, the case was referred to a magistrate for pretrial proceedings and disposition. Johnson moved for summary judgment which was denied. Defendants then moved for summary judgment; based on the pleadings and affidavits, the magistrate granted defendants' motion. Johnson appeals arguing that summary judgment was improperly granted because genuine issues of material fact existed regarding the actions of defendants Cates, Moore and Lane [1] and that summary judgment in favor of defendant Pelker was improperly granted because the summary judgment motion did not address the claims against him.

In reviewing a grant of summary judgment, we first consider whether there are genuine issues of material fact drawing all reasonable inferences in the light most favorable to the nonmoving party; the existence of disputed facts which do not affect the outcome will not preclude summary judgment. *Wallace v. Greer*, 821 F.2d 1274, 1276 (7th Cir.1987). If there are no genuine issues of material fact, we next consider whether summary judgment was properly granted as a matter of law. *Donald v. Polk County*, 836 F.2d 376, 379 (7th Cir.1988). We note that we may affirm on any ground supported by the record. *Wallace*, 821 F.2d at 1277.

■ Johnson's claims against Cates and Moore are twofold. Not only does Johnson object to having water thrown on him, but he also asserts that Cates and Moore denied his requests for dry bedding and clothing forcing him to sleep on a "slab of metal" for two and one-half days and giving him a severe cold. The magistrate focused only on the defendants' purpose in

throwing the water. As for this aspect of Johnson's claim, even if we draw all reasonable inferences in the light most favorable to Johnson, summary judgment in favor of defendants Cates and Moore was appropriate. His complaint establishes only that Cates accidentally got Johnson wet: "Cates was involved in a confrontation with [inmates in cells next to Johnson's] ... and was in the process of throwing this [liquid] substance of [sic] the resident in cell 604 when this resident threw hot water in the face of [Cates] which unbalanced him causing him to throw this substance on my person and my mattress." The affidavit of James Dennis, another inmate, also fails to provide specific facts to show that Cates acted deliberately or recklessly. *See Duckworth v. Franzen*, 780 F.2d 645, 652–53 (7th Cir.1985) (eighth amendment is violated only where conduct is "deliberate, or reckless in the criminal law sense"), *cert. denied*, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). Similarly, Johnson's complaint and the Dennis affidavit indicate only that Moore tossed a bucket of water through Johnson's cell to reach a fire in a cell adjoining Johnson's. Moore was responding to an emergency and his actions cannot be construed as "punishment" or deliberate or reckless indifference to Johnson's welfare. *See id.*

■ There appears to be no dispute as to the facts regarding Johnson's claim that the defendants denied his requests for dry bedding and clothing. Defendants simply argue that this does not rise to the level of a cognizable eighth amendment violation. We agree. In reviewing this claim, we consider the totality of the conditions of confinement to determine whether a prisoner has been deprived of basic human needs. *French v. Owens*, 777 F.2d 1250, 1252 (7th Cir.1985), *cert. denied*, 479 U.S. 817, 107 S.Ct. 77, 93 L.Ed.2d 32 (1986). Johnson's situation, while disquieting, was a tempo-

---

1. Johnson claims that summary judgment in favor of defendant Thieret was improper, but does not explain why; therefore, we do not consider this issue. *See Oviawe v. Immigration & Naturalization Serv.*, 853 F.2d 1428, 1431 n. 5 (7th Cir.1988) (issue inadequately argued will

not be considered). We also note that Johnson does not challenge the grant of summary judgment in favor of defendant Megers; therefore, we will not address the claims against this defendant either.

rary inconvenience and was not compounded by a deprivation of other necessities, unlike the cases he cites in support of his claim. *See LaReau v. MacDougall,* 473 F.2d 974, 976–78 (2d Cir.1972) (placing prisoner in strip cell where he is subject to near total sensory deprivation violates eighth amendment), *cert. denied,* 414 U.S. 878, 94 S.Ct. 49, 38 L.Ed.2d 123 (1973); *Wright v. McMann,* 387 F.2d 519, 526 (2d Cir.1967) (depriving prisoner for substantial periods of hygienic items and clothing in dead of winter in strip cell violates eighth amendment). Defendants' indifference to Johnson's needs is not condoned, but does not approach unconstitutional proportions. Summary judgment in favor of Cates and Moore was properly granted.

◼ Johnson also argues that genuine issues of material fact existed regarding defendant Lane's personal or direct involvement in the claimed deprivations of Johnson's constitutional rights. Johnson seems to suggest that because Lane did not offer an affidavit in support of the motion for summary judgment, it was improperly granted. We disagree. In cases "where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56). The burden was on Johnson, not Lane, to present evidence of Lane's involvement. Johnson presented none.

◼ Of greater moment, however, is Johnson's claim that when he was initially placed in the segregation unit, the walls of his cell were smeared with "human defecation," the water was not turned on and

nothing was done for three days despite Johnson's requests to Pelker for cleaning supplies and water. Neither Johnson nor Pelker submitted affidavits regarding this claim.[2]

While we recognize the extraordinarily difficult task prison administrators face in maintaining an appropriate prison environment and are aware of our limited role in matters involving state penal institutions, it is our obligation to inquire when confronted with potentially unconstitutional prison conditions. Clearly, prison officials have a responsibility to provide inmates with a minima of shelter, sanitation and utilities— basic necessities of civilized life. *See Harris v. Fleming,* 839 F.2d 1232, 1235 n. 4 (7th Cir.1988) (citing *Ramos v. Lamm,* 639 F.2d 559 (10th Cir.1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981)); *Wells v. Franzen,* 777 F.2d 1258, 1264 (7th Cir.1985). Accepting Johnson's claim as true, as we must at this stage of the proceedings, we are unable on this record to conclude with certainty that placing a prisoner in a cell for three days without running water and in which feces are smeared on the walls while ignoring his requests for cleaning supplies and for the water to be turned on fall within the "civilized standards, humanity, and decency" recognized in this circuit. "This court has repeatedly stressed that the Eighth Amendment requires prison officials to maintain minimal sanitary and safe prison conditions and we have not hesitated to award damages when prison conditions have fallen below the threshold of decency ensured by the Eighth Amendment." *DeMallory v. Cullen,* 855 F.2d 442, 445 (7th Cir.1988) (citing *Davenport v. DeRobertis,* 844 F.2d 1310 (7th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 260, 102 L.Ed.2d 248 (1988) and *Wells,* 777 F.2d 1258). *See Estelle v. Gamble,* 429 U.S. 97, 102, 97 S.Ct.

---

2. Without expressly saying so, the district court by granting summary judgment, effectively on the pleadings, treated the motion as one to dismiss under Fed.R.Civ.P. 12(b)(6). *Cf. DeMallory v. Cullen,* 855 F.2d 442, 445 (7th Cir.1988) (describing similar treatment of motion for summary judgment on prisoner's eighth amendment claim as motion to dismiss where court only had complaint and answer before it). The stan-

dard governing Rule 12(b)(6) dismissals requires that a complaint not be dismissed for failure to state a claim "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

140

285, 290, 50 L.Ed.2d 251 (1976). Unfortunately, because of the absence of any specific response to Johnson's claim regarding the conditions of his cell, which hindered the magistrate from providing particularized findings, we are left with an insufficient basis for appellate review. Hence, Johnson's allegations, while perhaps ultimately without merit, warrant an expanded response which will enable the magistrate to examine further Johnson's claim and articulate more detailed findings.

Defendants assert qualified immunity. They argue that their conduct did not violate clearly established constitutional rights of which a reasonable person would have known. *But see Jamison–Bey v. Thieret,* 867 F.2d 1046, 1046, 1048 (7th Cir.1989); *DeMallory,* 855 F.2d at 445; *Wells,* 777 F.2d at 1264; *Ramos v. Lamm,* 639 F.2d 559, 568 (10th Cir.1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981), *noted in Harris,* 839 F.2d at 1235 n. 4; *see also French,* 777 F.2d at 1253 (noting unsanitary conditions in challenge to double celling); *Bono v. Saxbe,* 620 F.2d 609, 613 (7th Cir.1980) (noting sanitary condition of segregated area). However, in light of this opinion, we presently decline to address this issue.

The judgment of the district court is therefore affirmed as to defendants Cates, Moore, Thieret and Lane. The judgment in favor of defendant Pelker as to the conditions of Johnson's cell is vacated and remanded for proceedings not inconsistent with this order.

AFFIRMED in part; VACATED and REMANDED in part.