**Roderick BUFFINGTON, Plaintiff,**

v.

**Michael O'LEARY, Defendant.**

**No. 89 C 9092.**

United States District Court,
N.D. Illinois, E.D.

Sept. 27, 1990.

**634**

Roderick Buffington, pro se.

Richard F. Linden, Asst. Atty. Gen., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Roderick Buffington brings this action under 42 U.S.C. § 1983 alleging that the conditions in X–House at Stateville Correctional Center where he was confined from June 20, 1989, to November 2, 1989, violated his Eighth and Fourteenth amendment rights. Before the court is defendant Michael O'Leary's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, defendant's motion is granted in part and denied in part.

### A. Standard of Review

A claim may be dismissed under Rule 12(b)(6) if as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)).

### B. Educational or Vocational Programs

Buffington complains that prison officials violated his constitutional rights because they did not provide him with adequate educational and vocational programs or alternative activities although they implemented these programs in other areas of the prison. The Constitution simply does not require prison officials to provide educational, rehabilitative, or vocational programs. *Garza v. Miller*, 688 F.2d 480, 485 (7th Cir.1982), *cert. denied* 459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000 (1983). *See also Joihner v. McEvers*, 898 F.2d 569, 573 (7th Cir.1990) (prisoner applicant has no right to be placed in work camp); *Fuller v. Lane*, 686 F.Supp. 686, 688 (C.D.Ill.1988) (no constitutional right to work in prison). On this issue, the court grants O'Leary's motion to dismiss.

### C. Opportunities for Exercise

Buffington next alleges that he was locked in his cell for 23 hours a day which constituted cruel and unusual punishment. The Seventh Circuit has approved five hours of exercise a week outside the cell as a minimum amount of time that should be provided to inmates who are confined for long periods before serious constitutional questions may arise. *Davenport v. DeRoberts*, 844 F.2d 1310, 1315–16 (7th Cir.1988). *See also Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir.1988) (inmate not subjected to cruel and unusual punishment when allowed to exercise only in general prison population); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir.1985), *cert. denied* 479 U.S. 817, 107 S.Ct. 77, 93 L.Ed.2d 32 (1986) (lack of exercise could give rise to constitutional violation where "movement is denied and muscles are allowed to atrophy, [and] the health of the individual is threatened"). Buffington received seven hours a week outside his cell and does not allege any physical injury from lack of physical movement. His exercise time therefore does not fall below a level that might invoke constitutional scrutiny. Accordingly, the court grants O'Leary's motion to dismiss on this issue.

### D. Conditions of Confinement

Buffington finally asserts that the living conditions in X–House were a health hazard because water came out of the pipes rusted, there was a scent of bad-smelling pipes, and he was exposed to human waste which backed up through the plumbing.

In *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981), the Supreme Court held that the conditions of confinement must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment. In that case, the Court held that double celling did not constitute cruel and unusual punishment because it did not "lead to deprivations of essential food, medical care, or sanitation." *Id.* at 348, 101 S.Ct. at 2400. The Seventh Circuit has held that prison officials must provide inmates with a "minima of shelter, sanitation and utilities." *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir.1989). The words *essential* and *minima* are subject to interpretation. In *Johnson*, for example, the court remanded concluding that it was unable to determine on the record before it that confining an inmate for three days in a cell that was smeared with human feces fell within the "civilized standards, humanity, and decency" recognized in this circuit. *Id.* at 139. That same case, however, concluded that the inmate's request for dry clothing and bedding, which was ignored for three days, did not rise to the level of a constitutional violation because it was a temporary inconvenience and was not compounded by a deprivation of other necessities. *Id.* at 138–39.

Defendant O'Leary contends that "rusted water" and "a scent of bad smelling pipes" fail to meet the Eighth Amendment threshold and are nothing more than an inconvenience or discomfort which is not cognizable under § 1983. Taking these conditions, plus Buffington's claim that human waste backed up through the plumbing, in their totality, however, this court cannot with assurance determine that the conditions in X–House met an "essential" or "minimum" standard of sanitation.

Taking Buffington's allegations as true, which the court must in a motion to dismiss, the court denies O'Leary's motion to dismiss on this issue as Buffington has stated a claim on which relief may be granted.

*Conclusion*

O'Leary's motion to dismiss is granted in regard to the issues of educational programs and exercise, but denied as to the issue of the conditions of confinement. O'Leary is given twenty days to file an answer to this remaining claim.

It is so ordered.