ARTEX, S.R.L., Plaintiff,

v.

BANK ONE, MILWAUKEE, NATIONAL ASSOCIATION; Bank of Sturgeon Bay; and John Stuth Associates, Inc., Defendants.

Civ. A. No. 91–C–494.

United States District Court, E.D. Wisconsin.

Aug. 27, 1992.

Mark P. Kovalchuk, Kovalchuk & Cutshall, P.A., Minneapolis, Minn., and Ronald L. Petak, Edgarton, Ondrasek, St. Peter, Petak & Massey, Fond du Lac, Wis., for plaintiff.

Stephen A. Kase, Sturgeon Bay, Wis., for Bank of S.B.

Thomas G. Boyer and Russell S. Long, Milwaukee, Wis., for Bank One, Milwaukee.

Kenneth G. Calewarts of Duffy, Holman, Peterson, Wieting & Calewarts, Green Bay, Wis., for John Stuth Assoc.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

On June 7, 1991, defendant Bank of Sturgeon Bay ("Sturgeon Bay") filed a motion to dismiss for failure to state a claim upon

which relief can be granted. Because Sturgeon Bay filed affidavits in support of its motion, the court ordered on July 7, 1992, that it would treat the motion as a motion for summary judgment. For the reasons stated below, the court grants the motion for summary judgment.

## BACKGROUND

Plaintiff Artex, S.r.l., ("Artex"), an Italian corporation, brought this action against the defendant banks on May 13, 1991, alleging that they improperly dishonored a letter of credit issued in Artex's favor in violation of Wisconsin law. The letter of credit allegedly was issued in the amount of 128,691,300.00 Italian Lire, the equivalent of $114,277.87 under the exchange rate in effect at the time of issuance. The banks are organized under the laws of Wisconsin and have their principal places of business in Wisconsin.

Defendant Sturgeon Bay filed a motion to dismiss on June 7, 1991, along with three affidavits in support of its motion. Artex filed a brief in opposition to the motion on June 24, 1991.

On June 12, 1991, Bank One, Milwaukee, National Association ("Bank One") answered the initial complaint.

On September 13, 1991, Artex filed an amended complaint adding defendant John Stuth Associates, Inc. ("John Stuth"). Artex alleges in the amended complaint that John Stuth purchased ski boots from Artex, paying for them with the letter of credit issued by the defendant banks, and that John Stuth caused the banks to amend and then dishonor the letter of credit after Artex had delivered the boots. John Stuth filed an answer and counterclaim to the amended complaint on October 18, 1991. Bank One answered the amended complaint on October 7, 1991.

The court on July 7, 1992, ordered that the amended complaint be treated as a motion to amend and granted the motion. In the same order, the court converted defendant Sturgeon Bay's June 7, 1991 motion to dismiss to a motion for summary judgment, pursuant to Fed.R.Civ.P. 12(b). Artex was granted thirty days from the date of the order to respond to the motion, but has not responded.

As this case involves a dispute between a subject of a foreign state and Wisconsin citizens, and involves an amount in controversy greater than $50,000, this court has jurisdiction under 28 U.S.C. § 1332(a)(2).

## FACTS

The following facts do not appear to be in dispute. John Stuth purchased ski boots from Artex and paid for them with a letter of credit issued by Bank One in the amount of 128,691,300.00 Italian Lire. Sturgeon Bay "executed" John Stuth's application for the letter of credit. Counsel for plaintiff demanded that Sturgeon Bay issue payment on the letter of credit, and the bank refused.

With respect to Sturgeon Bay's converted motion for summary judgment, the disputed facts concern the nature of that bank's role in the letter of credit transaction. The bank asserts that in executing the letter of credit application it acted only as a "correspondent bank," that it was not involved in setting the terms and conditions of the letter of credit, that it had no dealings of any kind with Artex, and that its only obligations under the application were to Bank One, the actual issuer of the letter of credit. (Kase June 6, 1991 Aff. ("Kase Aff.") ¶¶ 4, 6; Miller June 6, 1991 Aff. ¶ 3.)

Artex alleges that both Bank One and Sturgeon Bay issued the letter of credit and that both banks dishonored the letter "without justification and in bad faith." (Am.Compl. ¶¶ 9, 15.) Artex further alleges that Sturgeon Bay's liability to Artex is based in part on the terms of the letter of credit application, which provide that Sturgeon Bay agrees to be bound by a "continuing Commercial Letter of Credit Agreement with" Bank One. (Pl's June 19, 1991 Mem. ("Pl's Mem.") at 2; Kase Aff. Ex. B.) Finally, Artex asserts that it has not had the opportunity to conduct discovery and that, therefore, it would be premature to arrive at any conclusion regarding Sturgeon Bay's liability. (Pl's Mem. at 2.)

### ANALYSIS

This court must grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions, and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of asserting the absence of any dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Further, this court must draw all reasonable inferences from the record in favor of the non-moving party. *Johnson v. Pelker*, 891 F.2d 136, 138 (7th Cir.1989).

The moving party, however, need not "negate" its opponent's claim. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553. Rather, once the motion is made, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Celotex* at 324, 106 S.Ct. at 2553. Thus, the non-moving party may not rest on its pleading and "must do more than simply 'show there is some metaphysical doubt as to the material facts.'" *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir.1988) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

■ Artex has failed to allege specific facts showing a genuine issue as to the nature of Sturgeon Bay's role in the letter of credit transaction. Its bare assertions that Sturgeon Bay issued and wrongfully dishonored the letter of credit are insufficient. When Sturgeon Bay responded that it acted only as a correspondent bank, that it never dealt with Artex in this matter, and that its only obligations were to Bank One, it was up to Artex to make specific allegations demonstrating a *genuine* dispute over Sturgeon Bay's liability.

Also insufficient is Artex's objection that it has not had time to conduct discovery into the question of Sturgeon Bay's liability. That may have been true in June of 1991 when Artex filed its memorandum opposing Sturgeon Bay's motion, but since then the parties have had ample time to conduct discovery.

The only specific allegation concerning the basis of Sturgeon Bay's liability is Artex's assertion that John Stuth's application for a letter of credit contains terms indicating that Sturgeon Bay is obligated under the letter of credit. Since Sturgeon Bay itself submitted a copy of the application, its existence and language would appear to be undisputed, and the court may determine the significance of the application and other submissions as a matter of law.

Letter of credit transactions typically involve at least three independent agreements: an underlying sales contract in which the buyer agrees to pay with a letter of credit issued by its bank, an agreement between the buyer and its bank regarding the letter of credit, and the letter of credit itself which obligates the bank to pay the seller or "beneficiary." *Sound of Market Street v. Continental Bank Int'l*, 819 F.2d 384, 388 (3d Cir.1987). In addition, the issuing bank may engage other banks to notify the beneficiary that the credit has been issued. *Market Street* at 388. Such banks are referred to as "advising banks." Wis.Stat. § 405.103(1)(e).

■ Under the Uniform Commercial Code, a bank acting only as an advising bank "does not assume any obligation to honor ... demands for payment made under the credit...." Wis.Stat. § 405.107(1). The advising bank's only obligation is to convey its advice accurately. *Id.* A bank acting as an advising bank, however, may become directly obligated on an existing letter of credit if it also acts as a "confirming bank" by adding its engagement to the issuing bank's engagement. Wis.Stat. §§ 405.103(1)(f), 405.107(2); Dolan, The Law of Letters of Credit ¶ 1.03 (2d ed. 1991) ("Dolan").

■ The following parts of John Stuth's application for a letter of credit bear on the question of Sturgeon Bay's role in the letter of credit transaction. The name and address of Bank One appear at the top of the application. Sturgeon Bay is identified

at the bottom of the application as the "correspondent bank." John Stuth is identified as the applicant, Artex as the beneficiary. The application requests Bank One to "issue an irrevocable letter of credit and forward to your correspondent for delivery to beneficiary." Near the bottom of the application, above the authorized signatures of Sturgeon Bay and John Stuth, appears the following language:

I/we hereby authorize you to issue this credit with such variations from the above terms as you may, in your discretion, determine are necessary and are not materially inconsistent with this application. All rights arising under the issued credit shall be determined by "the Uniform Customs and Practice for Documentary Credits (1983 Revision), International Chamber of Commerce Publication No. 400." In consideration for your opening the credit, I/we agree to be bound by your continuing Commercial Letter of Credit Agreement with BANK ONE, MILWAUKEE, NA.

(Kase Aff.Ex. B.)

While the application is not a model of clarity, it indicates that Sturgeon Bay was to act only as a correspondent bank, whose function was to convey Bank One's letter of credit to the beneficiary. When a correspondent bank acts in this manner, it becomes an advising bank. Wis.Stat. § 405.-103(1)(e); Dolan at ¶ 1.03. Nothing in the parties' submissions suggests that Sturgeon Bay confirmed the letter of credit, and therefore the bank's liability, if any, is limited to that of an advising bank. Artex has not alleged that Sturgeon Bay conveyed an inaccurate advice of credit, so Artex's case cannot proceed on this theory of liability.

■ In opposing Sturgeon Bay's motion, Artex focuses on the application's reference to a "continuing Commercial Letter of Credit Agreement" with Bank One. Artex has not alleged any facts demonstrating that this continuing agreement between Sturgeon Bay and Bank One creates obligations in favor of Artex. Absent some allegation that Artex was a party to, or third party beneficiary of, the agreement, it alone cannot provide a basis for Sturgeon Bay's liability to Artex.

Thus, because Artex has not raised a genuine issue of material fact as to the nature of Sturgeon Bay's involvement in the letter of credit transaction, and because the undisputed factual allegations do not create a basis of liability on the part of Sturgeon Bay, it is entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED that defendant Sturgeon Bay's June 7, 1991 converted motion for summary judgment is GRANTED.