978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Boyd McCHRISTION, Plaintiff-Appellant,
v.
Jack R. DUCKWORTH, Mr. Wagner, Mr. Bradly, Mr. Jasper,
Gordon H. Faulkner, Cloid L. Shuler, Charles A.
Penfold, Sergeant Wilke, and Officer
Skibanski, Defendants-Appellees.
 No. 91-2518.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 21, 1992.*
Decided Oct. 28, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 In a case now entering its teenage years, Boyd McChristion accuses prison officials of a medley of constitutional transgressions. 42 U.S.C. § 1983. The district court granted summary judgment to the defendants, adopting the magistrate judge's 48-page Report and Recommendation. We affirm in part and reverse in part.
 
 I. BACKGROUND
 
 2
 McChristion filed his suit in 1979, only to have summary judgment granted to the defendants. He appealed and this court affirmed in part and reversed in part, remanding one claim for factual development. Court-appointed counsel then filed an amended complaint on plaintiff's behalf, changing the cast of defendants and bringing a new slate of allegations. The district court granted summary judgment on the amended complaint, and McChristion appeals.
 
 II. DISCUSSION
 
 3
 While we read plaintiff's pro se brief liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), many of his charges have either never been raised before or were not included in the amended complaint, and are therefore waived.[1] Manning v. Ashland Oil Co., 721 F.2d 192, 197 (7th Cir.1983) (amended complaint supersedes earlier complaint, unless it is incorporated by reference). The remaining claims may be grouped as follows: (1) that prison guards refused to bring him his personal effects while he was in administrative segregation, violating the Eighth Amendment; (2) that he was deprived of due process in hearings before the Conduct Adjustment Board (CAB); and (3) that officials deprived him of personal property without due process.[2]
 
 
 4
 The Eighth Amendment claim relates to two periods of disciplinary segregation. During the first, in 1979, plaintiff was without certain unspecified personal items for about a week. Such a temporary inconvenience is not the type of extreme deprivation required to make out a conditions-of-confinement claim. Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992); Johnson v. Pelker, 891 F.2d 136, 138-39 (7th Cir.1989). In 1983 plaintiff, in segregation again, was allegedly deprived of personal items for one month. Again, this may be inconvenient, but he did receive many of his personal items, and has not alleged any specific harm incurred by not having the unnamed effects. Thus, there was no Eighth Amendment transgression. Johnson, 891 F.2d at 139.
 
 
 5
 As to the CAB hearings, McChristion maintains that the CAB refused to insure the appearance of defense witnesses, violating his due process rights under Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). Wolff guarantees a prisoner the right to call witnesses, but limits that right where calling witnesses would be "unduly hazardous to institutional safety or correctional goals." Id. at 566.
 
 
 6
 The hearing in question occurred on January 16, 1979, when two inmate witnesses McChristion wished to call on his behalf refused to appear. Plaintiff contends that the CAB should have forced the witnesses to attend. The CAB explains the witnesses' absence by stating that they were issued passes to attend the hearing but chose not to honor them; there is no suggestion that allowing the witnesses to testify would have been hazardous. We recently held that a "rule that permits correctional officials and inmates to refuse to appear at whim is unconstitutional." Forbes v. Trigg, No. 91-2282, slip op. at 17 (7th Cir. Sept. 15, 1992); see also Dalton v. Hutton, 713 F.2d 75, 78 (4th Cir.1983) ("An inmate granted the right, albeit qualified, to call witnesses in his behalf loses it altogether, if any witness may refuse to testify for no reason whatever.") Though this case does not involve a prison rule, the CAB's actions in this instance--allowing inmates to choose whether they will testify--may have violated McChristion's due process rights. On the other hand, the testimony of the desired witnesses may have been irrelevant or repetitive, in which case the CAB could legitimately have excluded their testimony. Forbes, No. 91-2282, slip op. at 17. Since the record on this point is incomplete, we cannot adequately evaluate the defendants' conduct. Accordingly, we reverse the district court's grant of summary judgment on this issue and remand for further proceedings.
 
 
 7
 McChristion also asserts that the CAB's written explanations of its decisions were inadequate under Wolff, which requires "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action." 418 U.S. at 564 (internal quotation marks omitted). This court has adopted a flexible approach in reviewing such claims, stating that "the kind of statements that will satisfy the constitutional minimum will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by each side." Culbert v. Young, 834 F.2d 624, 631 (7th Cir.1987). In five of the six actions at issue here the charges were not severe and the facts were simple.[3] In these cases the CAB wrote that it relied on the officer's conduct report (and sometimes McChristion's statement as well) in reaching its decision. This was sufficient; "nothing more [than reference to a conduct report] is constitutionally required where the only issue presented at the hearing involved an assessment of the relative credibility of the conduct report and the plaintiff's account of the incident." Id.; see Pardo v. Hosier, 946 F.2d 1278, 1285 (7th Cir.1991).
 
 
 8
 The sixth CAB decision presents a closer question. In December of 1982 the CAB found McChristion guilty of rioting, disorderly conduct, and engaging in a group demonstration during an attempted prison coup. These were serious charges, carrying stiff penalties. The CAB wrote that it relied on the "conduct report and inmate's own admission" in convicting plaintiff. This is a sparse summary for such weighty offenses, but we hold it suffices for two reasons. First, though the charges were onerous, the factual issue was straightforward: either plaintiff participated in the riot and demonstration or he didn't; it was just a question of whom to believe. Saenz v. Young, 811 F.2d 1172, 1174 (7th Cir.1987), holds that when there is no mystery as to the CAB's reasoning process, even an extremely brief statement of reasons will satisfy Wolff, which aims to protect against a decision being misunderstood by another body that is unable to discern the findings and reasoning supporting the decision. Id. Second, the CAB relied in part on plaintiff's own admission that he was involved in negotiations with prison officials during the disturbance. Otherwise insufficient written statements may satisfy Wolff where the reviewing body relies on an inmate's admission as evidence of an infraction. In such cases the inmate's statement is in accord with the disciplinary report, and down the road no one will have to guess at whose story the CAB believed, because the stories are consistent. Redding v. Fairman, 717 F.2d 1105, 1115-16 (7th Cir.1983); see also Forbes, No. 91-2282, slip op. at 19 (CAB statement constitutionally sufficient where it advised inmate of facts supporting the decision and the essential facts on which any inferences were based).
 
 
 9
 McChristion's third claim is that the prison's internal grievance procedure failed to protect him from being deprived of property without due process of law. Specifically, he contends that some of his personal property was either lost or stolen by state employees, but that even though the prison Action Committee ruled that he was entitled to have his property replaced, none has actually been returned to him. Thus, he says, the grievance system is a sham perpetrated to deprive him of his property without due process.
 
 
 10
 The flaw in this argument is that while McChristion's property may have been taken under color of state law, the state provides an adequate postdeprivation remedy in such cases, meaning there has not been a denial of due process. Parratt v. Taylor, 451 U.S. 527, 541-44 (1981); Hudson v. Palmer, 468 U.S. 517, 530-33 (1984). The Indiana Tort Claims Act, Ind.Code § 34-4-16.5-1, et seq., enables prisoners to sue state officials for torts such as conversion; indeed, McChristion has already succeeded on a claim under this statute, receiving compensation for a radio and a television set. Because an adequate state remedy exists, there is no ground for recovery under 42 U.S.C. § 1983. Parratt, 451 U.S. at 543; Hossman v. Spradlin, 812 F.2d 1019 (7th Cir.1987).
 
 
 11
 To sum up: we reverse the district court's grant of summary judgment on McChristion's claim that the CAB deprived him of due process by not compelling inmate witnesses to appear at the January 16, 1979 disciplinary hearing. On remand, the district court should consider the evidence and our recent opinion in Forbes v. Trigg, then decide whether a legitimate reason existed for not securing the witnesses' testimony at the hearing. In all other respects, the district court is affirmed.
 
 
 12
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 These are: (1) an Eighth Amendment claim based on working conditions in the prison kitchen; (2) a claim that commissary staff diverted funds earmarked for the inmate trust fund; (3) an Eighth Amendment claim for inadequate medical care; and (4) an Eighth Amendment claim regarding the alleged brutal activities of the "goon squad."
 
 
 [2]
 McChristion also complains that the district court should not have dismissed his complaint with a suggestion for refiling, arguing that he has waited long enough for a hearing and should not have to refile his case to get one. This complaint arises from a misunderstanding of the district court's order. That court did not suggest refiling--it granted summary judgment on all of plaintiff's federal claims. The only arena for "refiling" is state court, since the district court dismissed the pendent state claims without prejudice
 
 
 [3]
 The charges in these hearings were: threatening a staff member, disorderly conduct, insolence, encouraging others to riot, and refusing an order