51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rudolph L. LUCIEN, Plaintiff/Appellant,
v.
A.G. BIERMAN, Defendant/Appellee.
 No. 94-1692.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 6, 1995.*
Decided April 6, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Rudolph Lucien, an inmate at Menard Correctional Center, filed suit pursuant to 42 U.S.C. Sec. 1983. The district court entered judgment against Lucien and he appeals. We affirm.
 
 
 2
 Lucien claims that his Eighth Amendment rights were violated due to the conditions of confinement at Menard. He alleges that his cell in segregation was in "general disrepair," that there were roaches in the cell, that he was deprived of exercise and hygiene items, that he was subjected to dangerously high levels of noise, and that his personal property[1] was not returned to him until he was transferred from segregation. Lucien also complained of gang activity at Menard. Taking these conditions together, Lucien believes his constitutional rights were violated.
 
 
 3
 On appeal, Lucien asserts that the district court prematurely dismissed his claim against some of the defendants. On October 3, 1991, the district court dismissed Lucien's gang activity claim against defendants McGinnis and Welborn pursuant to 28 U.S.C. Sec. 1915(d).[2] Although permitting the claim concerning the conditions of confinement to proceed against Bierman, the district court dismissed the claim against the other defendants because Lucien alleged no personal involvement on the part of the defendants. We agree with the district court that Lucien's claim did not connect the defendants personally to the alleged deprivation. Cf. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir.1986) (defendants must be linked to constitutional violations to state a claim under Sec. 1983).
 
 
 4
 Lucien also claims that the district court's adoption of the magistrate judge's findings of fact and conclusions of law was erroneous. Essentially, Lucien argues that his claim regarding the conditions of confinement should not have been decided against him. Not all prison conditions trigger Eighth Amendment scrutiny. Only deprivations of basic human needs such as food, medical care, sanitation and physical safety do. DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 199-200 (1989); James v. Milwaukee County, 956 F.2d 696, 699 (7th Cir.), cert. denied, 113 S.Ct. 63 (1992). To establish an Eighth Amendment violation here, Lucien must show that the conditions he was forced to endure were beyond the bounds of human decency when judged against an objective standard, and that the prison officials either intentionally or recklessly subjected him to these conditions. Hudson v. McMillan, 112 S.Ct. 995, 999-1000 (1992); Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992).
 
 
 5
 The condition of his cell in segregation was temporary and not outside the bounds of human decency. He did not prove that Bierman intentionally or recklessly subjected him to these conditions or established a policy to maintain such conditions. See Johnson v. Pelker, 891 F.2d 136, 138-39 (7th Cir.1989). Lucien only points to Bierman's failure to respond to his complaints as evidence of his intent or recklessness. This simply is not enough to support his claim. The fact that Bierman spoke with Lucien regarding his concerns suggests he was not indifferent to his plight. We agree with the district court's assessment that Lucien's rights were not violated.
 
 
 6
 Lucien next argues that the magistrate judge erred in vacating a default judgment entered against the defendant. See 28 U.S.C. Sec. 636. The record indicates that on January 27, 1992, a default judgment was entered against defendant Bierman. The defendant moved to vacate the entry of the default on March 12, 1992. The magistrate judge granted the motion and granted defendant leave to file his answer. Rec. at 39. We conclude that the magistrate judge did not abuse his discretion in vacating the default judgment. See Jones v. Phipps, 39 F.3d 158, 164 (7th Cir.1994) (district court is given great latitude in assessing the circumstances of the individual case to discern if either good cause or excusable neglect exists); Pretzel & Stouffer v. Imperial Adjusters, 28 F.3d 42, 44 (7th Cir.1994) (review of a denial of a motion to vacate a default is for an abuse of discretion). Based upon the affidavits and memorandum filed by the defendant, the magistrate judge could conclude that there was good cause or excusable neglect.[3]
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 These items include his partial plate false teeth and eyeglasses
 
 
 [2]
 Lucien claimed that the gang activity allowed by the defendants constituted a constitutional violation
 
 
 [3]
 The magistrate does not specify on which ground he granted the motion to vacate