61 F.3d 905
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tony CHANEY, Plaintiff-Appellant,
v.
Steven KUSKE, Defendant-Appellee.
 No. 94-2624.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided June 29, 1995.
 
 Before Cummings, Coffey and Rovner, Circuit Judges.
 
 ORDER
 
 1
 Tony Chaney, an inmate at the Waupun Correctional Institution ("WCI") in Waupun, Wisconsin, filed a complaint under 42 U.S.C. Sec. 1983 alleging that Steven Kuske, a WCI employee, violated his constitutional rights by opening, reading, and censoring Chaney's legal mail on March 17, 1991 and April 3, 1991. The district court granted defendant's motion for summary judgment and Chaney appeals.
 
 
 2
 On appeal Chaney argues that the district court's judgment should be vacated based on Federal Rule of Civil Procedure 60 which permits the court to relieve a party from a final judgment upon finding fraud or misrepresentation by an adverse party. Fed. R. Civ. P. 60(b)(3). This argument is without merit because Rule 60 is inapplicable in this instance. Chaney's argument is based upon the fact that Kuske denied that he was on duty on March 17, 1991 and stated that this day was his regularly scheduled day off in his answer to Chaney's original complaint. On February 1, 1994, Kuske's counsel filed a motion to amend Kuske's answer when counsel discovered that Kuske was on duty on March 17, 1991. On February 5, 1994, the district court held Kuske's motion to amend his answer was moot when it accepted Chaney's amended complaint and directed Kuske to file responsive pleadings to Chaney's amended complaint. Chaney does not allege that Kuske provided false information in his answer to the amended complaint or made any other misrepresentations to the court and has failed to establish misconduct within the purview of Rule 60.
 
 
 3
 Chaney also argues that Kuske has violated his constitutional right to access to the courts by removing a sketch of the Green Bay Correctional Rotunda allegedly contained in a April 3, 1991 letter to a private investigator. In order to establish a claim of denial of access to the courts, an inmate must "allege some quantum of detriment caused by the challenged conduct of the state officials resulting in the interruption and/or delay of plaintiff's pending litigation." Hossman v. Spradlin, 812 F.2d 1019, 1021-22, n.2 (7th Cir. 1987); Howland v. Kilquist, 833 F.2d 639, 643 (7th Cir. 1987) (same). Chaney has failed to make such a showing. He has not provided this court with any details about the significance of the sketch, why he could not replicate the sketch,[1] or how losing the sketch adversely impacted his pending litigation. Chaney's allegations fail to rise to the level of a cognizable constitutional violation and the district court properly dismissed this claim as frivolous.
 
 
 4
 Lastly, Chaney argues Kuske violated his First Amendment rights by opening, reading, and censoring mail sent on March 17, 1991 and April 3, 1991. After reviewing the record de novo, we AFFIRM for the reasons stated in the attached district court's Memorandum Opinion and Order dated June 17, 1994.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE EASTERN DISTRICT OF WISCONSIN
 
 5
 Tony Chaney, Plaintiff,
 
 
 6
 v.
 
 
 7
 Sgt. Steven Kuske, Defendant.
 
 Civil Action No. 92-C-843
 DECISION AND ORDER
 
 8
 REYNOLDS, District Judge.
 
 
 9
 Plaintiff Tony Chaney ("Chaney"), an inmate at Waupun Correctional Institution ("WCI"), Waupun, Wisconsin, brought this pro se action under 42 U.S.C. Sec. 1983, claiming that the defendant, Sergeant Steven Kuske ("Kuske"), violated Chaney's First Amendment rights by opening, reading, and censoring Chaney's legal mail on March 17, 1991 and April 3, 1991. Chaney filed the case in the Western District of Wisconsin, and on July 31, 1992, the district court there granted Chaney's motion to proceed in forma pauperis, and shortly thereafter, transferred the case to this court pursuant to 28 U.S.C. Sec. 1406(a). (Aug. 7, 1994 Order.)
 
 
 10
 On March 18, 1993, Kuske filed a motion for summary judgment, and Chaney responded on April 14, 1993. Because Chaney has failed to present evidence to support his claim against Kuske, this court shall grant Kuske's motion for summary judgment and dismiss this case with prejudice.
 
 FACTS
 
 11
 At all times relevant to this action, Kuske was employed at WCI as the adjustment center third shift sergeant, and Chaney was confined at WCI. (Pl. Apr. 15, 1993 Resp. to Def. Mar. 19, 1993 Prop. Findings of Fact paragraphs 1-2.) It was Kuske's responsibility to collect and process the inmates' outgoing mail, and then to deliver it to a pickup point for further handling. (Kuske Aff. p 3.) Chaney alleges that on March 17, 1991, Chaney handed Kuske an envelope, addressed to Warden Gary McCaughtry ("McCaughtry"), which contained a disciplinary appeal and, according the Chaney, also contained a separate complaint about treatment and living conditions at the adjustment center. (Chaney Aff. p 4.) Chaney calls this "legal mail," but he has not asserted that the correspondence had such a label on it.
 
 
 12
 On March 22, 1991, Warden McCaughtry returned the appeal submitted by Chaney because the appeal duplicated one previously submitted and decided. (Kuske Aff. p 6; Ex. 103.) According to Chaney, the complaint about treatment and living conditions was not returned with the appeal, and therefore, must have been confiscated. Chaney's affidavit states that "[o]n March 26, 1991, I discovered that my legal correspondence of March 17, 1991, to Superintendent McCaughtry, had been opened by defendant, Steven M. Kuske." (Chaney Aff. p 6.) Chaney does not explain how he discovered this alleged fact.
 
 
 13
 Kuske states that he does not recall handling any mail from Chaney on March 17, 1991, and states that he would not have opened, inspected, or read any correspondence from Kuske to McCaughtry because, pursuant to Wis. Admin. Code Ch. DOC Sec. 309.05(4), any correspondence sent by an inmate to the superintendent of any state correctional institution may not be opened for inspection or read by institution staff. (Kuske Aff. p 4; Ex. 101.) However, institutional procedures provided that any inmate intra-institution correspondence addressed to the warden was to be signed and dated by the third shift adjustment center sergeant, either on the outside of the envelope or in the corner of the document if it was not enclosed in an envelope. (Kuske Aff. p 5.) Such a signature is on the appeal document itself. (See, Chaney Aff., Ex. 1.)
 
 
 14
 On March 26, 1991, Chaney filed inmate complaint WCI 783-91, alleging that Kuske opened and inspected Chaney's letter to McCaughtry. After Kuske told the investigator that he did not recall opening plaintiff's intra-institution correspondence, and Chaney failed to provide the investigator with specific details of the allegations, McCaughtry dismissed Chaney's inmate complaint. (Kuske Aff. p 7; Ex. 102.)
 
 
 15
 Chaney also claims that on March 30, 1991, he gave Kuske a letter addressed to a private investigator named Darwin Burger ("Burger"). (Chaney Aff. p 8.) Once again, Chaney calls this letter "legal mail," but does not indicate that he labeled the envelope accordingly, or that there was any reason for Kuske to deduce from the envelope that the correspondence was "legal" in nature. Chaney asserts that the letter contained a drawing of the Green Bay Correctional Institution rotunda. The body of Chaney's letter to Burger stated:
 
 
 16
 I drew the picture of the rotunda you asked for[.] Would you still try to have Green Bay let you see rotunda and interview the officer witnesses.
 
 
 17
 (Chaney Aff., Ex. 4.) Chaney claims that Kuske opened and read the letter and confiscated the drawing. Burger remembers that no drawing was enclosed with the letter, but cannot recall if the envelope appeared to have been tampered with, and did not retain the envelope. (Chaney Aff., Ex. 8.) On April 8, 1991, Chaney sent a letter to Burger which said:
 
 
 18
 I looked for sketch and could not find it so I'm sure I enclosed it inside letter before I put letter inside[. W]ould you bring envelope to court when I appear on April 16th or give it to Owen if you can[']t make it. I will make another picture for you and bring it on the 16th.
 
 
 19
 (Chaney Aff., Ex. 5.)
 
 
 20
 Also on April 8, 1991, Chaney filed Inmate Complaint WCI 887-91, claiming that on about April 3, 1991, Chaney mailed a legal letter to Darwin Burger containing a drawing, and that "someone" removed the drawing. (Kuske Aff. p 10; Ex. 104.) Chaney complained that as a result of such action Burger could not perform his investigation, which ultimately resulted in Chaney's attorney withdrawing from the case and entering a no contest plea for lack of evidence. Kuske advised the investigator that he had no knowledge of the incident, and that had the letter been opened, read and a drawing confiscated, Chaney would have been notified and an incident report written. Chaney's complaint was dismissed on April 23, 1991 for failure to respond to an investigator's request for specific information. (Chaney Aff., Exs. 6-7; Kuske Aff. p 11; Ex. 104.) The WCI records of undelivered mail do not refer to a drawing being confiscated from Chaney's March 30, 1991 correspondence. (Kuske Aff. p 3.)
 
 ANALYSIS
 
 21
 A court must grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions, and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those facts which, under the governing substantive law, "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the initial burden of asserting the absence of any dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In determining whether the movant has satisfied this burden, the court must draw all reasonable inferences from the record in favor of the non-moving party. Johnson v. Pelker, 891 F.2d 136, 138 (7th Cir. 1989). However, there is no issue for trial unless there is a sufficient quantum of evidence favoring the non-moving party for a reasonable jury to return a verdict for that party. Anderson, 477 U.S. at 248. In this regard, Fed. R. Civ. P. 56(e) requires that:
 
 
 22
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
 
 
 23
 Kuske's motion for summary judgment included a copy of Rule 56, and his brief in support of the motion sets forth these summary judgment standards in a clear manner, such that Chaney had notice of them. (See Def. Mar. 19, 1993 Mot. at 5-6.) In fact, Chaney's response brief reiterated the standard that the non-moving party must set forth specific facts to establish the existence of the elements upon which that party bears the burden of proof at trial, and Chaney supplemented his brief with an affidavit. (See Pl.'s Apr. 15, 1993 Resp. at 3-4.) Thus, Chaney knew what he had to do to avoid summary judgment, but the court finds that he has failed to present the court with evidence from which a reasonable jury could find that Kuske violated Section 1983 by violating Chaney's First Amendment rights.
 
 
 24
 A prison inmate retains those First Amendment rights which are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the correctional system. Pell v. Procunier, 417 U.S. 817, 822 (1974). Hence, inmates have the right to send and receive information, subject to limitations which are reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 91-93 (1987); Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir. 1987). The Seventh Circuit has held that a prison policy to review outgoing mail is justified when the purpose is to ensure that the mail did not interfere with the orderly running of the prison and did not contain threats or facilitate criminal activity. U.S. v. Whalen, 940 F.2d 1027, 1035 (7th Cir.), cert. denied, 112 S. Ct. 403 (1991).
 
 
 25
 In this case, Chaney has not alleged that the prison's policy with regard to prisoner correspondence is unconstitutional. In fact, Wisconsin Administrative Code ch. DOC Sec. 309.05(4)(j) (Attached to Kuske Aff. as Ex. 101) prohibits the opening of inmate mail addressed to the superintendent of any state correctional institution, and prison policy required Kuske, and others responsible for processing outgoing mail, to sign and date all intra-institutional correspondence addressed to the warden either on the sealed envelope or the appeal form itself if not in an envelope. Further, prison policy is generally that outgoing mail not directed to another inmate is only inspected for contraband or if there are reasonable grounds to believe that the mail contains threats of criminal activity, is obscene, or presents some form of danger. Id. Sec. 309.05(6)(b) & (c).
 
 
 26
 Thus, instead of asserting that prison policies have violated his constitutional right to free speech, Chaney insists that on two occasions, Kuske violated prison policy and also violated Chaney's First Amendment rights. However, the court finds that Chaney has not set forth facts which establish evidence that Kuske censored Chaney's legal mail. Among other deficiencies in his case, Chaney has not asserted that the mail was marked "legal;" nor has he come forward with any evidence of tampering, or that Kuske was the tamperer.
 
 
 27
 Moreover, even if this court were to find that Chaney has set forth enough evidence to support his theory that Kuske mishandled Chaney's mail, an isolated incident of mishandling mail is not a matter of constitutional magnitude. Morgan v. Montanye, 516 F.2d 1367, 1370-72 (2d Cir. 1975), cert. denied, 424 U.S. 973 (1976); see also Castillo v. Cook Cty. Mail Room Dept., 990 F.2d 304, 306 (7th Cir. 1993). Although Chaney has asserted two instances of mail tampering, the correspondence supposedly tampered with were not in any way related (the drawing allegedly contained in Chaney's letter to Burger was, in fact, a drawing of another prison), and Chaney has not presented the court with any facts which give rise to an inference that Kuske has made a habit of opening Chaney's correspondence in violation of prison policy or Chaney's First Amendment rights.
 
 
 28
 This court finds that no reasonable jury could infer that the two alleged incidents of interference with Chaney's mail were evidence of an ongoing pattern of mail tampering which rises to the level of a constitutional violation. See Washington v. James, 782 F.2d 1134, 1139 (2d Cir. 1986); Castillo, 990 F.2d at 306. This court shall thus dismiss Chaney's claim that Kuske violated his free speech rights.
 
 
 29
 Chaney's claim of obstruction of access to the courts is frivolous and shall also be dismissed.
 
 For the foregoing reasons:
 
 30
 IT IS THEREFORE ORDERED that Sergeant Kuske's motion for summary judgment is GRANTED and this case is dismissed with prejudice.
 
 
 31
 Dated at Milwaukee, Wisconsin, this 17th day of June, 1994.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 In a letter dated April 8, 1991 to the private investigator to whom Chaney allegedly sent the sketch, Chaney stated: "I will make another picture for you and bring it on the 16th." (R. at 25) Chaney has not told the court whether he drew another picture