101 F.3d 704
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth STEWART, Plaintiff-Appellant,
v.
Charles E. WRIGHT, et al., Defendants-Appellees.
 No. 96-1486.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1996.*
Decided Nov. 14, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 The district court granted defendants judgment on the pleadings and dismissed Kenneth Stewart's constitutional claims for failure to state a cause upon which relief may be granted. This court reviews Rule 12 dismissals de novo. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir.1990). For the reasons set forth below, we affirm.
 
 
 2
 Stewart is an inmate recently transferred to the Maximum Control Complex (MCC) in Westville, Indiana. In his pro se appeal Stewart raises four arguments. His first argument, that the district court erred in setting aside the default judgment in his favor, needs little attention because that did not happen. Defendants filed a timely answer and no default was entered.
 
 
 3
 Stewart's three remaining claims include alleged violations of his rights under the First, Eighth and Fourteenth Amendments, each related to the early days of his arrival at MCC. Stewart's First Amendment argument is that he was denied religious freedom by prison officials' failure to provide him with a pork-free diet for his first two weeks at MCC.
 
 
 4
 As the district court correctly pointed out, de minimis delays are an inevitable part of institutions and such delays do not implicate the Constitution. Owen v. Shuler, 466 F.Supp. 5, 7 (N.D.Ind.1977) affirmed mem., 594 F.2d 867 (7th Cir.1979). Stewart fails to allege any facts which suggest that the two week delay in arranging for his meals to be pork-free constitutes anything but typical and acceptable institutional delay.
 
 
 5
 Stewart's Eighth Amendment claim is that being housed in a dry cell[1] constitutes cruel and unusual punishment. This argument fails on three levels. First, to raise a successful Eighth Amendment claim, a prisoner must allege that prison officials were deliberately indifferent to an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct.1970, 1977 (1994). The use of dry cells is for the purpose of discovering and securing any contraband smuggled by ingestion into the prison. United States v. Oakley, 731 F.Supp. 1363, 1364-66 (S.D.Ind.1990). Stewart does not allege that he was held in the dry cell for any other reason than to be monitored for ingested contraband. The period of three days of confinement in the dry cell is consistent with that purpose. Id. Stewart was confined to the dry cell to serve a legitimate penological interest and not for the purpose of punishment. The culpability component of deliberate indifference analysis is clearly lacking. Farmer, 114 S.Ct. at 1979.
 
 
 6
 Second, Stewart's Eighth Amendment argument also fails because the conditions of a dry cell do not rise to the level of a constitutional deprivation. In order to violate the Constitution, deprivations must be "unquestioned and serious" and contrary to "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Mere discomfort and inconvenience do not implicate the constitution. Caldwell v. Miller, 790 F.2d 589, 600-01 (7th Cir.1986). In Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir.1988), this court found that ten days in a segregation unit without toilet paper, toothbrush or toothpaste, and in a "filthy, roach-infested cell" did not constitute cruel and unusual punishment. Dry cell conditions such as not being able to flush the toilet or brush teeth are mere inconveniences. As the district court noted, Stewart did not allege that he could not use the toilet or obtain drinking water. He alleged only discomfort from the smell of the unflushed toilet, which was flushed every four hours by prison officers.
 
 
 7
 Third, though a dry cell is restrictive, it is necessarily so in order to serve its legitimate purpose of detecting swallowed contraband. Oakley, 731 F.Supp. at 1364-65. While the conditions incident to preserving all bodily excrement for examination are undesirable, it is well settled that conditions which are temporary and do not result in physical harm are not actionable under the Eighth Amendment. Harris, 839 F.2d at 1235; Johnson v. Pelker, 891 F.2d 136, 138-39 (7th Cir.1989). Stewart alleged only sensory harm and for only three days.
 
 
 8
 Stewart's Fourteenth Amendment argument is that his due process rights were violated because of his inability to pursue legal redress while housed in the dry cell. What Stewart fails to recognize is that his lack of access to the courts during that seventy-two hour period was necessarily incidental to his segregation in the dry cell. Since nothing is allowed in the dry cell for security reasons in furtherance of the contraband detecting objective, the contemporaneous condition of having no ability to petition the judiciary or internal prison grievance system is but another temporary condition which is not actionable under the Constitution. Johnson, 891 F.2d at 138-39. Stewart has not alleged any legal prejudice resulting from the three-day delay of access to the law. Neither has he alleged that his segregation in the dry cell did not serve a legitimate penological interest.
 
 
 9
 The decision of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 A dry cell is a small cell in which there is no running water. Inmates confined in a dry cell are usually shackled and are not released from the cell at all during the period of their segregation in the dry cell. No visitors are allowed and meals are brought in to the cell. The dry cell is under twenty-four hour surveillance. United States v. Oakley, 731 F.Supp. 1363, 1364-65 (S.D.Ind.1990)